MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
EVAN A. PEÑA (SBN 268510)
epena@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

LAURENCE A. SHAPERO
lshapero@riddellwilliams.com
**RIDDELL WILLIAMS P.S.**
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA  98154-1192
Telephone: (206) 389-1661
Facsimile: (206) 389-1708

Attorneys for Defendant VALVE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| A.M., <br><br> Plaintiff, <br><br> v. <br><br> VALVE CORPORATION and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:16-CV-03595 <br><br> [Superior Court of the State of California, County of Los Angeles Case No. BC616766] <br><br> **DEFENDANT VALVE CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (28 U.S.C. § 1332 - DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant Valve Corporation ("Valve") hereby removes this action from the Superior Court of California, County of Los Angeles, to this Court.  The state court action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 (diversity jurisdiction), and is one that may be removed to this Court pursuant to 28 U.S.C. section 1441.

## CASE HISTORY

1. On April 12, 2016, an action was filed in the Superior Court of the State of California in the County of Los Angeles, entitled *A.M. v. Valve Corporation.*, and assigned case number BC616766.

2. On April 26, 2016, Valve was first served with Plaintiff A.M.'s ("Plaintiff") Complaint.

3. The only pleadings served on Valve in this case are the Complaint and the attached summons, civil case cover sheet, and notice of case assignment (attached here as Exhibit A).

4. On May 20, 2016, Defendant filed its answer to Plaintiff's Complaint (attached as Exhibit B).

5. Other than exhibits A and B, Valve is not aware of any other documents in the state court case file.

## DIVERSITY JURISDICTION

6. Plaintiff alleges in her Complaint that she moved to Los Angeles sometime in 2012 and has lived there ever since. (Exh. A, Complaint, ¶¶ 6-7.) Plaintiff does not allege that she maintains a domicile elsewhere, or has at any point since moving to California. (*See ibid.*) For the purposes of diversity jurisdiction, the Court must look at Plaintiff's domicile at the time of the filing of the Complaint. *LeBlanc v. Cleveland*, 248 F.3d 95, 99 (2d Cir. 2001). Because Plaintiff has alleged that she currently lives in Los Angeles, and there is no indication that she maintains a residence anywhere else, she is a citizen of California for diversity purposes.

7. Valve is a Washington corporation, with its principal place of business in Bellevue, Washington. (Declaration of Scott Lynch, ¶¶ 3-4.)

8. Under the "nerve center" test, Valve's principal place of business is Washington. *See Hertz Corp. v. Friend,* 559 U.S. 77, 92 (2010); *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). The

majority of executive and administrative functions are performed for Valve at its corporate headquarters in Bellevue, Washington. (Lynch Decl., ¶ 4.) Further, Valve's corporate officers and executives are located in Washington. (*Ibid.*) Accordingly, Valve's principal place of business is appropriately in Washington under the "nerve center" test.

9. Under the alternative, "substantial predominance" analysis, Washington is still Valve's principal place of business. *See Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). Valve's headquarters are in Bellevue, Washington. (Lynch Decl., ¶ 4.) Valve employs approximately 325 employees in Washington, and no employees in other states, including California. (*Ibid.*) Washington, therefore, is Valve's principal place of business under the "substantial predominance" analysis.

## AMOUNT IN CONTROVERSY

10. Valve has a reasonable, good faith belief that Plaintiff seeks damages in excess of the jurisdictional amount of this Court: $75,000. Plaintiff estimates that her general damages are $1,000,000, her special damages are $1,000,000, her unpaid wages and penalties are $150,000 and her loss of earnings are $1,000,000. (Exh. A, Complaint, ¶ 54.) In addition, Plaintiff seeks, but does not attempt to quantity, punitive and exemplary damages, and costs of suit, including attorney's fees. (*Ibid.*) For diversity purposes, the amount in controversy may include general and special compensatory damages, punitive damages and attorneys' fees recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

11. Plaintiff's allegations therefore satisfy the jurisdictional prerequisite for the amount in controversy because it is apparent from the Complaint that Plaintiff's prayer for relief exceeds $75,000 by a significant margin. *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003).

## REMOVAL JURISDICTION

12. This Notice of Removal has been filed within thirty (30) days after Valve was first served with a copy of Plaintiff's complaint. Therefore, it is filed within the time period mandated by 28 U.S.C. section 1446(b).

13. For all the foregoing reasons, this Court has original jurisdiction of this action under 28 U.S.C. sections 1332(a), 1441 and 1446(b).

14. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441(a) and 1391(b), (c) because the state action was filed in this district and Plaintiff completed her contractual work for Valve in this district.

WHEREFORE, Valve Corporation prays the above action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this Court.

Dated: May 24, 2016        PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: */s/ Evan A. Peña*
MICHAEL C. SULLIVAN
EVAN A. PEÑA
Attorneys for Defendant VALVE CORPORATION