# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VALVE CORPORATION and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

A.M.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 12 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

111 N. Hill St. Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*

BC 616766

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Chad Biggins 206922, 3701 Wilshire Blvd., Suite 410, Los Angeles, CA 90010 Tel: 213-387-3100

DATE: APR 1 2 2016                    Clerk, by SHERRI R. CARTER                    , Deputy
*(Fecha)*                              *(Secretario)* CRISTINA GRIJALVA              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**
**1**

Chad Biggins, Esq. (State Bar No. 206922)
Biggins Law Group
3701 Wilshire Blvd, Suite 410
Los Angeles, CA 90010
T: 213-387-3100
F: 213-387-3101
chadbiggins@gmail.com

Attorneys for Plaintiff
A.M.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 1 2 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

A.M.,

    Plaintiff,

vs.

VALVE CORPORATION and DOES 1 through 10, inclusive

    Defendants

Case No. BC616766

**COMPLAINT FOR:**

1) **WRONGFUL TERMINATION**
2) **DISCRIMINATION**
3) **FAILURE TO ACCOMMODATE OR ENGAGE IN INTERACTIVE PROCESS**
4) **HOSTILE WORK ENVIRONMENT**
5) **RETALIATION**
6) **UNPAID WAGES (OVERTIME)**
7) **BUS. & PROF. CODE § 17200**
8) **MISCLASSIFICATION**

[DEMAND FOR JURY TRIAL]

Plaintiff A.M. ("Plaintiff"), by and through her attorney, alleges and avers as follows:

1. Plaintiff is informed and believes and based thereon alleges that, at all times herein relevant, defendant VALVE CORPORATION (hereinafter referred to as "Defendant"), was, and still is, a corporation with its principal location in the state of Washington. Defendant is a prominent company in the video game industry. It develops video games and sells games on the Internet. Its titles and content are translated into numerous languages and distributed all over the world.

Case No. _____

COMPLAINT

**EXHIBIT A**
**2**

2. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore, pursuant to section 474 of the Code of Civil Procedure, sues these defendants by such fictitious names. Defendants DOES 1 through 10 are responsible in some manner for the activities alleged herein and each was acting as an agent for the others. Plaintiff will amend this Complaint to add the true names of DOES 1 through 10 once they are ascertained.

3. At all times herein mentioned, California Government Code ("Code") § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendants.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
## FOR WRONGFUL TERMINATION

4. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

5. At all times relevant, Plaintiff was an employee of Defendants. Her position was primarily translating content into Spanish, as well as other duties, such as acting as a liaison with law enforcement officers of Spanish speaking countries' governments and providing customer service.

6. Prior to 2012, Plaintiff worked as an employee in the Washington headquarters. However, in about 2012 she decided to undergo gender transition, and to do so, she needed to move to Los Angeles where her doctors were located and she could also recover from the surgical procedures while still working. Defendants accommodated her request to relocate and allowed her to work from home due to the gender transition issues, as well as related disabilities including depression and other socialization issues.

7. However, as a condition of moving to Los Angeles, Defendants required that Plaintiff be classified as an "independent contractor" although she was still performing the same duties as when she was classified as an "employee." The title "independent contractor" is irrelevant as Plaintiff was absolutely an employee under the law and she was mis-classified as an

Case No. _____  2
COMPLAINT

**EXHIBIT A**
**3**

independent contractor from 2012-2016. Every element of the control test is met. She was performing service in which the Defendants were engaged; Her work was a part of the regular business of Defendants; She maintained the same position for many years and was paid on an hourly basis (as opposed to being paid for a specific project); and most importantly the Defendants maintained close control and direction over Plaintiff's work.

8. The classification as "independent contractor" was harmful to Plaintiff because she lost her employee benefits, including health benefits, and she was also not paid overtime wages for the hours she worked overtime.

9. Plaintiff continued working from home in Los Angeles. However, she began complaining to human resources about their unfair business practices of utilizing people who were interested in their products to provide translation services for free. She complained that these unpaid translators, often very young minors, were being exploited and lured to work for Defendants based on false promises made by her supervisor, Torsten Zabka. Indeed, they would work hours upon hours based on promises that their work could lead to a paid position, but in the end Torsten Zabka invariably found excuses to renege on his promises. Plaintiff felt bad for the exploited minors and complained to Human Resources about this issue, and other complaints involving Torsten Zabka creating a hostile work environment and mistreating employees.

10. Then, within days after a written complaint about the hostile work environment, *(which complaints were never addressed by human resources)*, on or about January 15, 2016, Plaintiff was terminated without any valid basis. The stated reason for the termination was that Plaintiff's job was being relocated to Washington. However, when Plaintiff offered to relocate back to Washington, Defendant refused. The stated reason for termination was pretextual and on information and belief, there was never any actual intent to relocate the job to Washington.

11. The real reason for termination was that Plaintiff was complaining about the hostile work environment and illegal business practices as stated above. Moreover, Plaintiff was terminated due to her trans-gender status. While Defendants accommodated her at first, her direct supervisor, Torsten Zabka, referred to her in a derogatory fashion. He referred to Plaintiff as "it" -

1  which is highly offensive to a trans-gender person. The term "it" dehumanizes transgender persons
2  and the usage of such a term by Torsten Zabka shows that he was biased against her and shows
3  that her transgender status was another reason he decided to terminate her. The real reasons for
4  termination are unlawful.

5  12.  As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has
6  suffered and will continue to suffer actual, consequential and incidental financial losses, including
7  without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.
8  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Civil Code*
9  § 3287 and any other provision of law providing for prejudgment interest.

10  13.  As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has
11  suffered and will continue to suffer Post Traumatic Stress Disorder, humiliation, shame, despair,
12  embarrassment, depression, stress, anxiety, fear and mental pain and anguish, all to Plaintiff's
13  damage in an amount to be proven at time of trial.

14  14.  As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has
15  incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be
16  established according to proof.

17  15.  The above recited actions of Defendants were done with malice, fraud and/or
18  oppression and in reckless disregard of the rights of Plaintiff under the Fair Employment and
19  Housing Act. Defendants' conduct was despicable and justifies an award of punitive damages in an
20  amount sufficient to deter them from engaging in such conduct again in the future, in an amount
21  according to proof at time of trial.

22  16.  On 03/30/2016, Plaintiff filed a complaint with the State of California, Department
23  of Fair Employment and Housing. On that same day, DEFH closed Plaintiff's case in order to
24  allow Plaintiff to pursue her action in court and issued a Right-to-Sue letter.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### FOR DISABILITY / GENDER IDENTITY DISCRIMINATION

27  17.  Plaintiff incorporates all prior allegations as if fully set forth herein.

Case No.                          4
                              COMPLAINT

**EXHIBIT A**
**5**

18. At all times relevant, Plaintiff had a disability, to wit, depression and a-social issues including Asperger's Syndrome. Defendants knew about these disabilities and accommodated them in 2012 when they allowed Plaintiff to move to Los Angeles and work from home. (The issue with working in the office as opposed to home has to do with the socialization and interaction with people, which is extremely difficult for Plaintiff due to these disabilities and also with avoiding practical difficulties of having to work in an office with people while recovering from surgical procedures.)

19. Plaintiff was able to perform her job duties with the reasonable accommodation of working from home.

20. Defendants failed to provide the reasonable accommodation based on the stated reason for termination, to wit, that Plaintiff was being fired because they required her to work in the office in Washington. When Plaintiff agreed to do this in order to save her job, despite her disabilities, Defendants flat out refused and said "We are not interested in moving you back to a full time position at Valve."

21. Defendants terminated Plaintiff due to her disability / transgender status.

22. Defendants' failure to provide a reasonable accommodation to Plaintiff was a substantial factor in causing her harm.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### FOR FAILURE TO ACCOMMODATE / ENGAGE IN THE INTERACTIVE PROCESS

23. Plaintiff incorporates all prior allegations as if fully set forth herein.

24. The interactive process required by the FEHA is an informal process with the employee to attempt to identify a reasonable accommodation that will enable the employee to perform the job effectively.

25. As stated above, Defendants failed and refused to accommodate Plaintiff's disabilities and failed and refused to engage in an interactive process to reasonably identify a way to accommodate. For example, if (which is not the case) Defendants truly had a valid reason to require Plaintiff to work in the office with the other employees, a reasonable accommodation

Case No. _____ 5
COMPLAINT

**EXHIBIT A**
**6**

might have been to give her a private office. But no such discussion was even engaged in because, although Plaintiff expressed a willingness to relocate back to Washington to work, Defendant flatly refused her offer and refused to discuss it further.

26. Defendants' failure to provide a reasonable accommodation and failure to engage in the interactive process was a substantial factor in causing Plaintiff harm.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## FOR HOSTILE WORK ENVIRONMENT

27. Plaintiff incorporates all prior allegations as if fully set forth herein.

28. Plaintiff was subject to unwanted harassment because she is transgender.

29. Further, her supervisor created a hostile work environment by sowing discord among the employees. Plaintiff reported this conduct to human resources.

30. A reasonable person in her circumstances would have considered the work environment to be hostile or abusive.

31. A supervisor engaged in the conduct, and Plaintiff reported the conduct to human resources who failed to take immediate and appropriate corrective action.

32. Defendants' conduct was a substantial factor in causing Plaintiff harm.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
## FOR RETALIATION

33. Plaintiff incorporates all prior allegations as if fully set forth herein.

34. Plaintiff engaged in protected activity by complaining about the hostile work environment created by her supervisor.

35. Defendants discharged her as a direct and proximate result.

36. Defendants' failure to provide a reasonable accommodation and failure to engage in the interactive process was a substantial factor in causing Plaintiff harm.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
## FOR UNPAID WAGES (OVERTIME)

37. Plaintiff incorporates all prior allegations as if fully set forth herein.

38. Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in 1 workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. (Labor Code § 510 and IWC Wage Order No. 4-2001 § 3(A).)

39. During all times relevant to this action, Plaintiff worked more than 8 hours per workday, and/or more than 40 hours per workweek, in an amount to be proven at trial, but did not receive any overtime wages for overtime hours suffered or permitted to work.

40. Plaintiff is informed and believes and based thereon alleges that she was not exempt from overtime under any applicable exemption, and, therefore, she was and is entitled to overtime compensation.

41. Based on the misconduct alleged in this Complaint, Plaintiff seeks to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

42. Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff accrued wages and other compensation due to upon termination.

43. Plaintiff is informed and believes and based thereon alleges that Defendants are liable for statutory and civil waiting time penalties of up to 30 days of pay pursuant to Labor Code § 203 and other applicable laws and regulations.

44. Based on the misconduct alleged in this Complaint, Plaintiff seeks compensation for overtime and waiting time penalties and other remedies in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
## FOR BUS. & PROF. CODE § 17200)

45. Plaintiff incorporates all prior allegations as if fully set forth herein.

46. Defendants, and each of them, are "persons" as defined under Business and Professions Code § 17021.

47. Plaintiff is informed and believe and based thereon allege that Defendants

committed the unfair business practices, as defined by Cal. Bus. & Prof. Code § 17200, et seq., by violating the laws alleged to have been violated in this Complaint and which allegations are incorporated herein by reference and include, but are not limited to the following: a. Failing to pay Plaintiff all wages due and owing including overtime wages.

48. As a result of the above-alleged misconduct, Plaintiff has been deprived of lawful wages to which she is entitled in an amount to be determined according to proof at trial.

49. As a direct and proximate result of the aforesaid acts and conduct of said Defendants, Plaintiff is entitled to and hereby seeks attorneys' fees as permitted by law and as provided by for § 1021.5 of the California Code of Civil Procedure.

## EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS
## FOR MISCLASSIFICATION (LABOR CODE § 226.8)

50. Plaintiff incorporates all prior allegations as if fully set forth herein.

51. Plaintiff is informed and believes that Defendants willfully misclassified Plaintiff, and others, as independent contractors.

52. Plaintiff has suffered damages as a result of her misclassification as an independent contractor, including increased taxes and insurance.

53. Plaintiff has also been damaged because she is unable to obtain unemployment benefits and state disability benefits as a direct and proximate result of the misclassification.

54. Pursuant to Labor Code § 226.8, Plaintiff is entitled to recover penalties and other remedies as set forth therein against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

A. For general damages in accordance with proof, estimated at $1,000,000.00;

B. For punitive and exemplary damages in an amount found appropriate by the trier of fact in accordance with proof;

C. For special damages in accordance with the proof, estimated at $1,000,000.00;

D. For unpaid wages & penalties, estimated at $150,000.00;

Case No. 8
COMPLAINT

**EXHIBIT A**
**9**

E.  For loss of earnings according to proof, estimated at $1,000,000.00;

F.  For prejudgment interest and post-judgment interest in accordance with law;

G.  For costs of suit, including attorney's fees pursuant to statute; and

H.  For such other relief as the Court deems just and proper.

Dated: 4/12/16

Chad Biggins

## PRAYER FOR JURY TRIAL

Plaintiff hereby prays for a jury trial on all issues and causes of action so triable.

Dated: 4/12/16

Chad Biggins

Case No.  9
COMPLAINT

**EXHIBIT A**
**10**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Chad Biggins 206922<br>3701 Wilshire Blvd. 410<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 213-387-3100  FAX NO.: 213-387-3101<br>ATTORNEY FOR (Name): Plaintiff | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>APR 12 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Cristina Grijalva, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 N. Hill St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles CA 90012<br>BRANCH NAME: Stanley Mosk | |
| CASE NAME: A.M. v Valve Corporation | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 616766 |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount         (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [✓] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 7
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 4/7/16
Chad Biggins
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT A**
**11**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number

BC 616766

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| ✓ Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Emile H. Elias | 324 | CCW |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Debre K. Weintraub | 47 | 507 | | | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ APR 12 2016   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev.02/16)
LASC Approved 05-06

— NOTICE OF CASE ASSIGNMENT —
UNLIMITED CIVIL CASE

Page 1 of 2

**EXHIBIT A**
**12**