# EXHIBIT B

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAY 20 2016

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
EVAN A. PEÑA (SBN 268510)
epena@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

LAURENCE A. SHAPERO
lshapero@riddellwilliams.com
**RIDDELL WILLIAMS P.S.**
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA 98154-1192
Telephone: (206) 389-1661
Facsimile: (206) 389-1708

Attorneys for VALVE CORPORATION

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| A.M.,<br><br>    Plaintiff,<br><br>v.<br><br>VALVE CORPORATION and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. BC616766<br><br>**DEFENDANT VALVE CORPORATION'S ANSWER TO PLAINTIFF A.M.'S UNVERIFIED COMPLAINT**<br><br>Judge:         Hon. Michael P. Linfield<br>Dept.:         34<br>Action Filed:  April 12, 2016<br>Trial Date:    Not Set |

BY FAX

Defendant Valve Corporation ("Defendant") answers Plaintiff A.M.'s ("Plaintiff") unverified Complaint as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies each and every material allegation of Plaintiff's unverified Complaint, and each cause of action thereof, and further denies that Plaintiff has been damaged in any manner or amount, or at all, as a result of any act or omission by Defendant.

///

///

---

1

DEFENDANT VALVE CORPORATION'S ANSWER TO PLAINTIFF A.M.'S UNVERIFIED COMPLAINT

**EXHIBIT B**
**1**

## AFFIRMATIVE DEFENSES

For a further and separate answer to the allegations contained in Plaintiff's Complaint, Defendant submits the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Consent)

Plaintiff's Complaint, and each cause of action, in whole or in part, is barred by the doctrine of consent.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State Sufficient Facts)

Plaintiff's Complaint, and each cause of action, fails to state facts sufficient to constitute a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendant is informed and believes, and on that basis alleges, that Plaintiff failed, refused, or neglected to mitigate or avoid the damages complained of in her Complaint. By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovering monetary damages from Defendant.

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 338, 340 and 343, Government Code sections 12960 and 12965, Labor Code section 203 and Business and Professions Code section 17208.

### FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's Complaint, and each cause of action, is barred, in whole or in part, in that Plaintiff, by reason of her conduct and actions, is estopped from asserting the claims set forth in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

(No Punitive Damages)

Plaintiff's Complaint, and each cause of action, fails to state facts sufficient to support an award of punitive damages against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

Plaintiff's Complaint, and each cause of action, is barred, in whole or in part, due to Plaintiff's failure to timely exhaust her administrative remedies, as required by California Government Code sections 12960, *et seq.*, and Labor Code section 98.7.

### EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

By reason of Plaintiff's conduct, she is barred under the doctrine of unclean hands from all forms of relief sought in her Complaint.

### NINTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's Complaint, and each cause of action, in whole or in part, is barred by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

(Reasonable Care)

Plaintiff's third, fourth and fifth claims are barred because the actions of the answering Defendant were reasonable in that the employer exercised reasonable care to prevent and correct any behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities.

### ELEVENTH AFFIRMATIVE DEFENSE

(Causation)

Plaintiff's first and fifth claims are barred because the alleged adverse actions would have occurred for legitimate, independent reasons even if Plaintiff had not allegedly engaged in a protected activity.

## TWELTH AFFIRMATIVE DEFENSE

(Good Faith Business Judgment)

Plaintiff's first, second, third and fifth claims are barred because the alleged conduct of which Plaintiff complains, if committed, was done in good faith, in the exercise of business judgment and for legitimate, non-discriminatory reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Preemption)

While Defendant believes that Plaintiff was properly classified as an independent contractor from approximately 2012 to 2016, to the extent she alleges she was an employee during that time period, her fourth and fifth claims are barred, in whole or in part, by the exclusive remedy of the California Workers' Compensation Act set forth in California Labor Code section 3600 *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Defendant is informed and believes, and thereon alleges, that it may have additional, as yet unasserted defenses, to Plaintiff's Complaint or the purported causes of action contained therein. Defendant specifically reserves the right to assert additional defenses as deemed appropriate at a later time.

WHEREFORE, Defendant prays that:

1. Plaintiff be denied relief by way of her Complaint;
2. Plaintiff's Complaint be dismissed;
3. Defendant be dismissed with its costs of suit and attorneys' fees; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4. For such other and further relief as the Court deems proper.

Dated: May 19, 2016     PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: *[signature]*
MICHAEL C. SULLIVAN
EVAN A. PEÑA
Attorneys for VALVE CORPORATION

## PROOF OF SERVICE

**A.M. v. Valve Corporation, et al.**
**Los Angeles Superior Court Case No. BC616766**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 101 West Broadway, Ninth Floor, San Diego, CA 92101-8285.

On May 19, 2016, I served true copies of the following document(s) described as **DEFENDANT VALVE CORPORATION'S ANSWER TO PLAINTIFF A.M.'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

Chad Biggins
Biggins Law Group
3701 Wilshire Blvd., Suite 410
Los Angeles, CA 90010
Telephone: 213-387-3100
Facsimile: 213-387-3101
Email: chadbiggins@gmail.com

Attorney for Plaintiff

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List, with postage thereon fully prepaid. I placed each such envelope or package for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 19, 2016, at San Diego, California.

_____
Rika J. Ellis

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

**EXHIBIT B**
**6**