MICHAEL C. SULLIVAN (SBN 131817)
msullivan@paulplevin.com
EVAN A. PEÑA (SBN 268510)
epena@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

LAURENCE A. SHAPERO (*Admission Pro Hac Vice pending*)
lshapero@riddellwilliams.com
**RIDDELL WILLIAMS P.S.**
1001 Fourth Avenue Plaza, Suite 4500
Seattle, WA  98154-1192
Telephone: (206) 389-1661
Facsimile: (206) 389-1708

Attorneys for Defendant VALVE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| A.M.,<br><br>    Plaintiff,<br><br>    v.<br><br>VALVE CORPORATION and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:16-cv-03595-PSG-FFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VALVE CORPORATION'S MOTION FOR TRANSFER PURSUANT TO 28 USC § 1404(a)**<br><br>Date:         August 1, 2016<br>Time:         1:30 p.m.<br>Judge:        Philip S. Guiterrez<br>Courtroom:    880<br>Trial Date:   Not Set |

# I. INTRODUCTION

Plaintiff "A.M." entered into an Independent Contractor Agreement ("Agreement") with Defendant Valve Corporation in early 2012. The Agreement was requested, created and executed in Washington State, where Plaintiff was employed by Valve at its corporate offices. Valve's headquarters and almost all of its employees continue to be located in Washington to this day. Plaintiff's Agreement with Valve states that Plaintiff "consents to jurisdiction and venue in the state or federal courts sitting in King County, Washington . . . ." Notwithstanding her agreement to Washington venue, Plaintiff filed suit against Valve in Los Angeles County Superior Court. After having removed the matter to this Court on the basis of diversity jurisdiction, Valve now respectfully asks this Court to transfer the matter to the U.S. District Court in Seattle, Washington.

A valid forum selection clause shall be given "controlling weight in all but the most exceptional cases." (*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 582 (2013) (internal quotations omitted).) As explained in more detail below, this is not a "most exceptional case[]." Instead the Agreement was requested by Plaintiff so she could continue providing services to Valve after she resigned as a Valve employee in Washington and relocated to California, where Valve does not have any employees or facilities.

Even if there had not been a forum selection clause, King County would be the most appropriate venue because the Agreement was requested, drafted, and signed in Washington state, and because Plaintiff's claims are based on conduct that is alleged to have occurred entirely in Washington state. In addition, the Valve employees with whom Plaintiff interacted and who have knowledge regarding Plaintiff's claims and/or Valve's defenses live and work in Washington state. (*Almont Ambulatory Surgery Center, LLC v. UnitedHealth Group, Inc,* 99 F.Supp.3d 1110, 1167 (C.D. Cal. 2015) (citations omitted).) Valve therefore respectfully asks the Court to grant its motion to transfer this action to the U.S.

District Court for the Western District of Washington in Seattle pursuant to 28 U.S.C. § 1404(a).

## II. FACTUAL AND PROCEDURAL HISTORY

Valve Corporation is in the business of creating and distributing video games. (Declaration of Dina Nelson, ¶ 2.) Valve also operates the Steam entertainment and distribution platform. (*Ibid*.) Valve is incorporated in Washington and its headquarters and operations are located in Bellevue, Washington. (*Ibid*.)

Plaintiff was employed by Valve starting in November 2008. (Nelson Decl., ¶ 3.) Valve hired the Plaintiff and sponsored her application for an H1-B visa based on her strong academic qualifications—including a Ph.D in linguistics—and based on her strengths as a linguist and translator who is fluent in English and other languages. (*Ibid*.) In her work as an employee in Valve's Bellevue, Washington office, Plaintiff translated digital content primarily into Spanish and Italian, and also served as a liaison with members of the Steam gaming community in Spain, Italy and certain other countries. (Nelson Decl., ¶ 3; Dkt. 1-1, Exh. A to Valve's Notice of Removal, Plaintiff's Complaint, ¶ 5.) Plaintiff worked for Valve as a full-time employee in its Washington office from November 2008 until February 2012. (*See* Nelson Decl., ¶ 3; Dkt. 1-1, Plaintiff's Complaint, ¶ 6.)

In 2011, Plaintiff informed Valve she wanted to relocate to Los Angeles, California to complete her gender-transition process. (Dkt. 1-1, Plaintiff's Complaint, ¶ 6; Nelson Decl., ¶ 4.) Valve explained to Plaintiff in 2011 that it did not have any operations, facilities or employees in California, and that it was not interested in hiring her or any other employee in California or outside of its Bellevue office. (Nelson Dec., ¶ 4.) Valve did indicate, however, that it would be willing to engage Plaintiff on an independent contractor basis to allow her to continue providing services to Valve after her relocation to Los Angeles. (*Ibid*.) Plaintiff's move to Los Angeles was solely the result of Plaintiff's request, and this request was made solely for her own personal reasons, as Valve had no desire for Plaintiff to

perform her work away from its Bellevue, Washington offices. (*Id*. at ¶¶ 4-5.) Plaintiff repeatedly expressed her appreciation for Valve's agreement to allow her to continue providing services to the company after her move to California. (*Id*. at ¶ 5.)

In February 2012, Plaintiff and Valve signed an Independent Contractor Agreement (the "Agreement") under which Plaintiff agreed to provide certain services to Valve from California. (Nelson Decl., ¶¶ 5-6; Ex. A to Nelson Decl.) Before signing the Agreement, Plaintiff indicated in an e-mail message that she intended to consult with her with her attorney and tax advisor about the terms of that Agreement. (*Id.* at ¶ 5.) Ultimately, Plaintiff signed the Agreement without asking for it to be revised. (*Ibid*.) After signing the Agreement and moving to Los Angeles, Plaintiff provided services to Valve under the Agreement for approximately four years, until Valve decided to terminate the Agreement in January 2016. (Dkt. 1-1, Plaintiff's Complaint, ¶¶ 7, 10; Nelson Decl., ¶ 7.)

The Agreement contains a forum-selection clause in Paragraph 14: "Contractor hereby consents to jurisdiction and venue in the state or federal courts sitting in King County, Washington, and waives any argument of forum non conveniens in connection therewith." (Nelson Decl. ¶ 6; Exh. A, ¶ 14.) It also provides that the Agreement is governed by Washington law. (*Ibid*.)

In April of this year, Plaintiff filed a complaint against Valve in Los Angeles County Superior Court. (Dkt. 1-1, Plaintiff's Complaint.) Plaintiff raises a total of eight claims, but they are all based on the parties' relationship as described in the Agreement. For example, Plaintiff's misclassification, unlawful business practices, and overtime claims are all based on the allegation that, through the Agreement, Valve misclassified Plaintiff as an independent contractor and therefore failed to pay her correctly. (*Id.* at ¶¶ 7, 39-40, 47, 51.) Plaintiff's discrimination, failure to accommodate, and hostile work environment claims are all premised on the idea that the Agreement was not enough to fully accommodate and protect Plaintiff. (*Id.* at

¶¶ 18-20, 25-26, 28-31 )  Finally, Plaintiff's wrongful termination and retaliation claims are premised on the allegation that Valve's termination of the Agreement was somehow improper.  (*Id.* at ¶¶ 11, 35.)  The Agreement is therefore the foundational issue for all eight claims that Plaintiff brought in Los Angeles County Superior Court.

Valve timely removed the action to the Central District of California on May 24, 2016 on the basis of diversity jurisdiction.  (Dkt. 1, Valve's Notice of Removal.)

### III.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action . . . to any district or division to which all parties have consented."  (28 U.S.C. § 1404(a).)  The appropriate way to enforce a forum selection clause, like that in the Agreement, is through 28 U.S.C. § 1404(a). (*Atl. Marine*, 134 S. Ct. at 580.)

Federal courts apply federal law to determine the enforceability of a forum selection clause.  (*Doe 1 v. AOL LCC*, 552 F.3d 1077, 1083 (9th Cir. 2009).)  Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." (*M/S Bremen v. Zapta Off–Shore Co.*, 407 U.S. 1, 10 (1971).)  "[T]he forum [selection] clause should control absent a strong showing that it should be set aside."  (*Id.* at 15.)

In addition, when the parties had agreed to valid, binding forum and choice of law clauses, plaintiff cannot plead around this agreement by filing in California, then claiming that enforcement of the Agreement violates California policy.  (*See Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1104-1105 (S.D. Cal. 2006).) As the court noted in Swenson, "forum selection clauses would be largely meaningless as it would depend on who filed first and whether that forum's law was more favorable to them."  (*Id.* at 1105.)

/ / /

When there is a dispute over whether a forum selection clause is mandatory or permissive, the Ninth Circuit has held, and this District Court has repeated, that the Court should consider the following factors:

> (1) the location where the relevant agreements were negotiated and executed,
> (2) the state that is most familiar with the governing law,
> (3) the plaintiff's choice of forum,
> (4) the respective parties' contacts with the forum,
> (5) the contacts relating to the plaintiff's cause of action in the chosen forum,
> (6) the differences in the costs of litigation in the two forums,
> (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and
> (8) the ease of access to sources of proof.

Additionally, the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis. (*Almont Ambulatory Surgery Center, LLC,* 99 F.Supp.3d at 1167 (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.2000)).)  As further described below, the parties' forum selection clause, as well as the majority of the factors provided by the Ninth Circuit, dictate that this dispute should be heard in the District Court for the Western District of Washington in Seattle.

## IV.  ANALYSIS

### A.   The Forum Selection Clause is Valid

The Supreme Court in *Bremen* recognized three conditions that would make enforcement of a valid forum selection clause unreasonable: (1) "if the inclusion of the clause in the agreement was the product of fraud or overreaching;" (2) "if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced;" and (3) "'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" (*Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (citing and quoting *Bremen*, 407 U.S. at 12-13, 15, 18).)  None of these conditions are present here, and Plaintiff cannot make a "strong showing that [the forum selection clause] should be set aside." *Bremen*, 407 U.S. at 15.

/ / /

First, the Agreement was the product of two relatively sophisticated parties, and Plaintiff entered into the Agreement after informing Valve that she was consulting with an accountant and an attorney about the terms of the proposed Agreement. (Nelson Decl., ¶¶ 3, 5.) Plaintiff has not suggested that she was the victim of fraud or overreaching by Valve, and there is no evidence of any such overreaching or fraud.

Second, there is no indication that Plaintiff would be deprived of her day in court if this case is transferred to Washington state and to a region in which she lived and worked for approximately four years.

Finally, the Agreement's forum selection clause does not contravene California public policy. The proper inquiry for this analysis is "the reasonableness of the forum selection clause itself, not the reasonableness of the effect of enforcing it." (*Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496 AJB NLS, 2015 WL 728631, at *11 (S.D. Cal. Feb. 19, 2015).) A forum selection clause entered into between two consenting parties does not violate any California public policy. (*See id.* at *12 (finding that a New Jersey forum selection clause in a contract containing a non-compete clause did not contravene California public policy).)

Thus, Plaintiff cannot meet her burden to show that the forum selection clause is unenforceable and Valve respectfully requests that the Court enforce the agreed clause and grant this motion to transfer.

**B.    The Agreement, and Ninth Circuit Precedent, Mandates the Transfer of This Action to the U.S. District Court for the Western District of Washington.**

Plaintiff agreed to the jurisdiction of "the state or federal courts sitting in King County, Washington" for disputes regarding the Agreement. (Exh. A, ¶ 14.) Plaintiff further "waives any argument of forum non conveniens in connect therewith." (*Ibid.*) Because this action has been removed to federal court, a transfer to the U.S. District Court for the Western District of Washington in Seattle is

appropriate, as it is the sole federal, trial-level court in King County.  The Supreme Court has found that when there is a valid forum selection clause, it shall be given "controlling weight in all but the most exceptional cases." (*Atl. Marine*, 134 S.Ct. at 582 (internal quotations omitted).)  Plaintiff's Complaint does not present any such exceptional circumstances, thus, this clause should be enforced.

Even if the forum clause is interpreted as permissive instead of mandatory, venue in Washington is appropriate according to the factors provided by the Ninth Circuit in *Jones,* and cited affirmatively by this Court in *Ambulatory Surgery Center.*  (*See* 99 F.Supp.3d at 1167 (quoting *Jones*, 211 F.3d at 498).)  Of these nine factors, only one cuts in favor of venue in California: Plaintiff's choice of forum. The other eight factors all favor hearing this dispute in the Western District of Washington:

- The parties agreed in writing that the state or federal courts in King County, Washington, have jurisdiction over the parties, and provide a proper venue.  (Exh. A, ¶ 14.)
- The Agreement was requested by Plaintiff and executed by Plaintiff and Valve in King County.  (Nelson Decl., ¶¶ 4-5, *see also* Exh. A, p. 1.)
- The Agreement provides that Washington state law governs, and the federal court in King County should have sufficient experience to competently apply the laws of its host state.  (*See* Exh. A, ¶ 14.)
- Valve is located in Washington and all of its executive and managerial functions take place there.  (Nelson Decl., ¶ 2.)
- Plaintiff also has contacts in Washington, as she used to live and work there.  (Dkt. 1-1, Plaintiff's Complaint, ¶ 6.)
- All of the alleged wrongdoing occurred in Washington.  (*Id.* at ¶¶ 7-11, 20-21, 25, 28-31, 34-35, 39-40, 51.)

/ / /

- It will be less expensive to litigate in King County compared to Los Angeles County because virtually all of the witnesses and documents are located in King County. (*See* Nelson Decl., ¶¶ 2-5.)
- The District Court for the Western District of Washington in Seattle can compel the testimony of non-party witnesses pursuant to Federal Rule of Civil Procedure No. 45.

In total, eight of the factors provided by the Ninth Circuit support the conclusion that the Western District of Washington in Seattle is the proper venue, while only one, Plaintiff's choice, points towards the Central District of California.

## V.  CONCLUSION

For the foregoing reasons, Valve respectfully requests that the Court enforce the valid forum selection clause in the Agreement and transfer this action to the U.S. District Court for the Western District of Washington in Seattle.

Dated:  June 2, 2016

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: _____*/s/ Evan A. Peña*_____
MICHAEL C. SULLIVAN
EVAN A. PEÑA
Attorneys for Defendant VALVE CORPORATION