# Exhibit F

To Declaration of Barbara Rhoads-Weaver

1
2
3
4
5
6                                      THE HONORABLE JUDGE THOMAS S. ZILLY
7
8                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
9    A.M.,                                      No. 2:16-cv-01166-TSZ
10              Plaintiff,
                                                **PLAINTIFF A.M.'S FIRST
11        v.                                    REQUESTS FOR PRODUCTION
                                                TO DEFENDANT VALVE
12   VALVE CORPORATION,                         CORPORATION**

13              Defendant.                      **[AND RESPONSES THERETO]**

14

15        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff A.M.

16   requests that Defendant Valve Corporation ("Valve") serve written responses to the following

17   requests for production and produce the documents requested to the offices of the undersigned

18   counsel for A.M. or as otherwise agreed to by the parties within thirty (30) days from the date of

19   service.

20                              **INSTRUCTIONS**

21        1.    The response to each request for production shall include such documents as are

22   within your possession, custody or control, including but not limited to, documents and tangible

23   things in your custody, possession, or control, or that of your employees, representatives, agents,

24   accountants as well as experts, persons consulted concerning any factual matters or matters of

25   opinion relating to any of the facts or issues involved in this action and, unless privileged, your

26

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 1
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

attorneys.

2.    To the extent you consider any of the following requests objectionable, respond to as much of each request and each part thereof as is not, in your view, objectionable, as required by the Federal Rules of Civil Procedure. Separately state that part of each request as to which you raise objection and specify, with particularity, the grounds for each such objection.

3.    If you object to the production of any document on the claim of privilege, a list is to be furnished at the time the responses are provided or at a time otherwise agreed to by the parties, identifying each such document for which a privilege is claimed including: (a) the identity(ies) of the person(s) involved in the creation of the document; (b) the date the document was created or the date appearing on the document; (c) the identity of each person to whom the document is addressed, if any; (d) the general subject matter of the document; (e) a general description of the type of document (e.g., letter, memorandum, email, etc.); (f) the number of pages of the document; and (g) the reason(s) for the objection stated with sufficient particularity to allow the Court to adjudicate the merits of such objection.

4.    In the event that any document called for by the following requests for production has been destroyed, lost, discarded or otherwise disposed of, any such document shall be identified as completely as possible, including without limitation, the following information: (a) date of disposal; (b) manner of disposal; (c) reason for disposal; (d) identity of the person authorizing disposal; and (e) identity of the person disposing of the document.

5.    These discovery requests impose a continuing obligation upon Defendant to furnish all information and documents requested herein until final disposition of this case. Corrections and additional information or documents are sought within the meaning of the Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington. A.M. may move to exclude from evidence any requested information not so timely furnished.

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 2
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 2 of 24

## DEFINITIONS

As used herein, the following terms shall have the meanings set forth below and as defined herein, words used in the singular include the plural and vice versa:

1.    "**A.M.**" means and refers to Plaintiff A.M.

2.    "**Valve**," "**you**," and "**your**" mean and refer to Defendant Valve Corporation, including its past and present officers, directors, partners, members, managers, employees, parents, subsidiaries, predecessors or successors in interest, and any other persons or entities acting on its behalf or within its control, and any persons or entities through which it conducts business.

3.    "**Answer**" means and refers to Defendant Valve Corporation's Answer to the Complaint, Dkt. 19, filed in the Los Angeles Superior Court, Case No. BC616766 on May 20, 2016.

4.    "**Document**" means and refers to all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure and as defined in Rule 1001 of the Federal Rules of Evidence, including all written, typed, printed, recorded, graphic, audio, visual, photographic or electronically-stored information, whether contained on paper, magnetic storage media (e.g., hard drives or disks), optical storage media (e.g., CDs, DVDs), or in any other form that are in your actual or constructive possession, custody or control or of which you have knowledge, wherever located, whether an original or a copy, including all copies on which any mark, alteration, writing or any other change from the original has been made, and including all drafts or iterations of such materials. For electronically-stored information, you are requested to provide a copy in native format or make the original data available for copying in its native format.

5.    "**Communication**" means and refers to all written, oral, telephonic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, letters, notes, email, and all other documents evidencing or documenting any verbal interaction

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 3
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 3 of 24

between persons and entities.

6.    **"Person"** means and refers to a natural person or any legal entity, including but not limited to a corporation, limited liability company, partnership, trust or association.

7.    **"Relating to,"** **"referring to,"** **"pertaining to,"** **"evidencing,"** or **"concerning"** and all variations thereof shall mean constituting or evidencing and directly or indirectly mentioning, containing, discussing, embodying, reflecting, identifying, stating, about, involving, describing, regarding, referring to, explaining, relevant to or reflecting upon the stated subject matter.

## <u>DEFENDANT'S GENERAL OBJECTIONS AND RESPONSES</u>

Valve objects to Plaintiff's Instruction No. 1 to the extent that it would require Valve to produce every document in its possession or control.  Instruction No. 1 and all Requests for Production set forth below that would require a document search of such breadth are overbroad, unduly burdensome and not proportional to the needs of the case as required by Fed. R. Civ. P. 26(b).  Because Plaintiff did not work with or interact with most Valve employees, Valve is limiting its search for responsive e-mails and other electronic communications to those sent or received by the following individuals:  Plaintiff, John Cook, Liam Lavery, Scott Lynch, Dina Nelson, Elizabeth Ratto, Jenni Salmi, Florent Schiffer and Torsten Zabka.

Valve objects to Plaintiff's definition of "Document" to the extent it would require Valve to produce a "copy in native format or make the original data available for copying in its native format."  Valve is producing responsive electronically stored documents as tiff images in order to apply document control numbers.

To the extent that Valve asserts in response to any of Plaintiff's Requests for Production that "Valve is producing responsive documents" or any similar statement, this statement is not intended as a confirmation that such documents exist.  The intent of each such response is to indicate that Valve is producing such documents if and to the extent that they have been discovered by Valve in the course of its diligent search for documents that are responsive to

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 4
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 4 of 24

Plaintiff's Requests for Production.

Although Valve will produce a list of responsive documents that are being withheld because they are protected from disclosure by the attorney/client privileged, this list will not include attorney/client privileged communications that were exchanged after the February 2016 date on which Valve was notified of Plaintiff's claims.

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**    A.M.'s complete personnel file(s), including all file jackets, documents, official or unofficial, that were created, kept, or maintained by Valve.

**RESPONSE:**  Valve objects to this Request for Production No. 1 to the extent it would require Valve to produce attorney/client privileged communications.  In particular, certain documents that might be responsive to Request for Production No. 1 include attorney/client privileged communications in connection with immigration matters concerning the Plaintiff. Such documents will not be produced.  Subject to and without waiving this objection, Valve is producing non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 2**    To the extent not included in A.M.'s personnel file(s), all documents relating to A.M.'s work performance, skills, qualifications, or abilities.

**RESPONSE:** Valve objects to this Request for Production No. 2 to the extent it would require Valve to produce attorney/client privileged communications.  In particular, certain documents that might be responsive to Request for Production No. 1 include attorney/client privileged communications in connection with immigration matters concerning the Plaintiff. Such documents will not be produced.  Subject to and without waiving this objection, Valve is producing non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 3**    To the extent not included in A.M.'s

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 5
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

personnel file(s), all documents relating to A.M.'s gender, mental health, or any accommodation for A.M. requested by A.M. or considered by Valve.

**RESPONSE:** Valve objects to this Request for Production No. 3 to the extent it would require Valve to produce attorney/client privileged communications. In particular, certain documents that might be responsive to Request for Production No. 1 include attorney/client privileged communications that were exchanged starting in February 2016 after her Independent Contractor Agreement had been terminated and her attorney notified Valve of her claims. Such documents will not be produced. Subject to and without waiving this objection, Valve is producing non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 4** All plans, policies, or other documents reflecting the existence, terms, and/or value of any benefit (e.g., health or medical insurance, retirement plan, disability insurance, life insurance, etc.), expense reimbursement, bonus, award, or other type of compensation or reward relating to A.M.'s employment or effective during the period from 2008 through 2016.

**RESPONSE:** Valve objects that this Request for Production No. 4 is overbroad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case as required by Fed. R. Civ. P. 26(b) to the extent that it would require all documents relating to benefits or compensation available during the period 2008 through 2016. Literally construed, this Request for Production No. 4 would require Valve to produce all pay and benefit records for all Valve employees during the stated period, because any such document "relates" to such programs. Valve is not producing responsive documents concerning any individual other than the Plaintiff. Subject to and without waiving these objections, Valve is producing responsive documents which describe Valve's compensation and benefit programs or which describe actual benefits requested and/or provided to the Plaintiff.

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 6
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

Exhibit F - Page 6 of 24

**REQUEST FOR PRODUCTION NO. 5**    To the extent not included in A.M.'s personnel file(s), all documents relating to any complaints or concerns against A.M.. Such complaints or concerns may be formal or informal, verbal or written.

**RESPONSE:** Valve objects to Request for Production No. 5 as vague, overbroad and unduly burdensome to the extent it seeks every document that may potentially "relate to" complaints or concerns about the Plaintiff.  Valve also objects to Request for Production No. 5 to the extent it seeks documents protected by the attorney/client privilege.  Subject to and without waiving this objection, Valve is producing all non-privileged communications and other documents which discuss any such concern of any kind about the Plaintiff.

**REQUEST FOR PRODUCTION NO. 6**    To the extent not included in A.M.'s personnel file(s), all documents presented by Valve to A.M. for signature (including, but not limited to, agreements, disciplinary notices, releases, correspondence, time cards etc.).

**RESPONSE:** Valve is producing responsive documents.

**REQUEST FOR PRODUCTION NO. 7**    To the extent not included in A.M.'s personnel file(s), all documents relating to anything that formed part or all of the basis for termination of A.M. in 2016.

**RESPONSE:** Valve objects that this Request for Production No. 7 is overbroad and unduly burdensome to the extent it seeks every document that could potentially relate to the decision to terminate Plaintiff's Independent Contractor Agreement in 2016.  Valve also objects to this Request for Production No. 7 to the extent it seeks documents protected from disclosure by the attorney/client privilege.  Subject to and without waiving this objection, Valve is producing all non-privileged documents which discuss the decision to terminate Plaintiff's Independent Contractor Agreement with Valve, and is also producing each and every document that was specifically considered by Valve in making this decision.

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 7
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 7 of 24

**REQUEST FOR PRODUCTION NO. 8**    To the extent not included in A.M.'s personnel file(s), all documents relating to anything that formed part or all of the basis for the change in A.M.'s classification in 2012.

**RESPONSE:** Valve objects to this Request for Production No. 8 to the extent it would require Valve to produce attorney/client privileged communications.  In particular, certain documents that might be responsive to Request for Production No. 1 include attorney/client privileged communications that were exchanged starting in February 2016 after her Independent Contractor Agreement had been terminated and her attorney notified Valve of her claims.  Such documents will not be produced.  Subject to and without waiving this objection, Valve is producing non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 9**    The complete personnel file(s), including all documents, official or unofficial, that were created, kept, or maintained by Valve regarding each Steam Translation Server translator, moderator, or administrator identified in response to Interrogatory No. 15.

**RESPONSE:** Valve objects that Request for Production No. 9 is overbroad and is being propounded for an improper purpose because it is not calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit.  Valve also objects to this Request for Production No. 9 to the extent it would require Valve to produce documents that are protected from disclosure by the attorney/client privilege.  Valve is not producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 10**    The complete personnel file(s), including all documents, official or unofficial, that were created, kept, or maintained by Valve regarding Torsten Zabka.

**RESPONSE:** Valve objects that Request for Production No. 10 is overbroad and is being

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 8
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 8 of 24

1    propounded for an improper purpose because it is not calculated to lead to the discovery of any

2    information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in

3    this lawsuit.  Valve also objects to this Request for Production No. 10 to the extent it would

4    require Valve to produce documents that are protected from disclosure by the attorney/client

5    privilege.  Valve is not producing documents in response to this request.

6

7        **REQUEST FOR PRODUCTION NO. 11**  The complete personnel file(s), including all

8    documents, official or unofficial, that were created, kept, or maintained by Valve regarding each

9    person who filled job functions performed by A.M. after A.M.'s termination in 2016, including

10   those identified in response to Interrogatory No. 7.

11       **RESPONSE:** Valve objects that Request for Production No. 11 is overbroad and is being

12   propounded for an improper purpose because it is not calculated to lead to the discovery of any

13   information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in

14   this lawsuit.  Valve also objects to this Request for Production No. 11 to the extent it would

15   require Valve to produce documents that are protected from disclosure by the attorney/client

16   privilege.  Valve is not producing documents in response to this request.

17

18       **REQUEST FOR PRODUCTION NO. 12**  All other documents, which are not included

19   the personnel file(s) produced in response to another request, related to any disciplinary notice,

20   counseling memorandum, written warning, documented or undocumented oral warning, informal

21   or formal counseling sessions, or other formal or informal communication arising out of or

22   related to an employee, contractor, or unpaid translator's performance or misconduct for any

23   circumstance in which Torsten Zabka was involved.

24       **RESPONSE:** Valve objects that Request for Production No. 12 is overbroad and is

25   being propounded for an improper purpose because it is not calculated to lead to the discovery of

26   any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 9
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 9 of 24

in this lawsuit.  Valve also objects to this Request for Production No. 12 to the extent it would require Valve to produce documents that are protected from disclosure by the attorney/client privilege.  Valve is not producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 13**  All documents evidencing or relating to disciplinary action of any kind taken against Torsten Zabka during the course of his employment with Valve.

**RESPONSE:** Valve objects that Request for Production No. 13 is overbroad and is being propounded for an improper purpose because it is not calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit.  Valve also objects to this Request for Production No. 13 to the extent it would require Valve to produce documents that are protected from disclosure by the attorney/client privilege.  Valve is not producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 14**  All rosters or other documents containing the names, addresses, phone numbers, email addresses, Steam user names, and/or titles of any Steam Translation Server translators, moderators, or administrators (whether paid or unpaid) who have worked with Torsten Zabka or under his supervision.

**RESPONSE:** Valve objects that Request for Production No. 14 is overbroad and is being propounded for an improper purpose because it is not calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit.  Valve is not producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 15**  All organizational descriptions or charts reflecting Valve's organization structure from October 2008 to present. This request is limited to Steam Translation Server "chain of command" or organizational structure upwards from Steam

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 10
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 10 of 24

Translation Server translator.

**RESPONSE:** Valve is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 16**  All job descriptions and other documents describing the duties and responsibilities of positions related to the Steam Translation Server and any positions with managerial or supervisory or direct or indirect authority over the Steam Translation Server at any time since October 2008.

**RESPONSE:** Valve is producing responsive documents.

**REQUEST FOR PRODUCTION NO. 17**  All programs, policies, procedures, practices, communications and other documents related to or regarding unpaid Steam Translation Server translators or moderators from October 2008 to present, including but not limited to opportunity to transition from unpaid to paid positions.

**RESPONSE:**  Valve objects that Request for Production No. 17 is overbroad and is being propounded for an improper purpose because it is not calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit.  Valve also objects to this Request for Production No. 17 to the extent it would require Valve to produce documents that are protected from disclosure by the attorney/client privilege.  Valve is not producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 18**  All employment manuals or handbooks provided to Steam Translation Server related employees since October 1, 2008.

**RESPONSE:** Valve is producing responsive documents.

**REQUEST FOR PRODUCTION NO. 19**  All policies, procedures, memos, directives, or communications from management or supervisors to subordinates related to Steam

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 11
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

Translation Server during the period from October 1, 2008 to present.

**RESPONSE:**  Valve objects that Request for Production No. 19 is overbroad and is being propounded for an improper purpose because it is not calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit.  Valve is not producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 20**  All documents related to Valve policies, procedures, or practices related to leave of absence, overtime, or accommodations for each position or job A.M. held from 2008 to present.

**RESPONSE:** Valve is producing responsive documents.

**REQUEST FOR PRODUCTION NO. 21**  All documents evidencing or pertaining to Valve's policies, procedures, or practices on harassment, discrimination, and/or retaliation in existence and applicable to the positions related to the Steam Translation Server at any time since October 1, 2008. This request includes, without limitation, each version and each draft of any such policy, procedure or practice.

**RESPONSE:** Valve objects to Request for Production No. 21 to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to and without waiver of these objections, Valve is producing responsive documents.

**REQUEST FOR PRODUCTION NO. 22**  All documents referring or relating to training, supervision, discipline of, or instruction to any officers, employees, independent contractors, or representatives of Valve about harassment, discrimination, or retaliation in existence or in use at any time since October 1, 2008 and applicable to positions related to the Steam Translation Server.

**RESPONSE:** Valve objects that Request for Production No. 22 is overbroad and is being

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 12
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

Exhibit F - Page 12 of 24

propounded for an improper purpose because it is not calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit. Valve also objects to this Request for Production No. 22 to the extent it would require Valve to produce documents that are protected from disclosure by the attorney/client privilege. Valve is not producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 23** All documents referring or relating to Valve's policies or procedures on or related to investigations of employment related complaints at any time since October 1, 2008, including but not limited to, any studies, reports, analysis or investigations done by any human resource or personnel department, any internal or external consultants, government agencies, or others.

**RESPONSE:** Valve objects that Request for Production No. 23 is overbroad and is being propounded for an improper purpose to the extent it seeks documents concerning any specific employee complaint or investigation into any such complaint, because no such demand is calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit. Valve also objects to Request for Production No. 23 to the extent it seeks documents protected from disclosure by the attorney/client privilege. Subject to and without waiving these objections, Valve is already producing non-privileged responsive documents concerning complaints by or about the Plaintiff in response to Plaintiff's other requests for production. Valve is not producing other documents in response to this request.

**REQUEST FOR PRODUCTION NO. 24** All policies, procedures, guidelines, rules, or standards of Valve applicable at any time since October 1, 2008 regarding: (a) file and extension naming; (b) backup and archiving of electronically stored information; (c) storage of media used; (d) retention and destruction of electronically stored information; (e) Steam Chat content and

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 13
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 13 of 24

logs; (f) email; (g) Steam Translation Sever content and logs; and (h) communications regarding tokens available for translation and logs related to translator connections to the Steam Translation Server.

**RESPONSE:** Valve objects that subsections (g) and (h) of this Request for Production No. 24 are overbroad and not calculated to lead to the discovery of admissible evidence because no documents responsive to these subjections contain information that is material to the resolution of Plaintiff's claims in this lawsuit. Valve is not producing any documents responsive to subsections (g) and (h) of this Request for Production No. 24. Subject to and without waiving these objections, Valve is producing documents responsive to the remaining subsections of this Request for Production No. 24.

**REQUEST FOR PRODUCTION NO. 25** All documents created by Valve since October 1, 2008 and evidencing or relating to verbal or written complaints, comments, investigations, discipline, lawsuits, or reports regarding violations, harassment, or discrimination on any protected basis, even if not labeled as such, including but not limited to the allegations in the Complaint in this matter.

**RESPONSE:** Valve objects that Request for Production No. 25 is overbroad and is being propounded for an improper purpose to the extent it seeks documents concerning any specific complaint or investigation into any such complaint, because no such demand is calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit. Valve also objects to Request for Production No. 25 to the extent it seeks documents protected from disclosure by the attorney/client privilege. Subject to and without waiving these objections, Valve is already producing non-privileged responsive documents concerning complaints by or about the Plaintiff in response to Plaintiff's other requests for production. Valve is not producing any other documents in response to this request.

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 14
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4600
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 14 of 24

**REQUEST FOR PRODUCTION NO. 26**  All documents evidencing or relating to retaliation because of complaints of any type by employees against Valve since October 1, 2008.

**RESPONSE:** Valve objects that Request for Production No. 26 is overbroad and is being propounded for an improper purpose to the extent it seeks documents concerning any specific employee complaint or investigation into any such complaint, because no such demand is calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit.  Valve also objects to Request for Production No. 26 to the extent it seeks documents protected from disclosure by the attorney/client privilege.  Subject to and without waiving these objections, Valve is already producing non-privileged responsive documents concerning complaints by or about the Plaintiff in response to Plaintiff's other requests for production.  Valve is not producing any other documents in response to this request.

**REQUEST FOR PRODUCTION NO. 27**  All documents evidencing or relating to complaints by unpaid Steam Translation Server translators or moderators since October 1, 2008.

**RESPONSE:** Valve objects that Request for Production No. 27 is overbroad and is being propounded for an improper purpose because it is not calculated to lead to the discovery of any information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this lawsuit.  Valve is not producing documents in response to this request.

**REQUEST FOR PRODUCTION NO. 28**  All documents arising from or relating to investigations, disciplinary actions, complaints, charges, lawsuits, releases, or settlement agreements that related to gender or disability discrimination or harassment or retaliation for complaining to Valve about any alleged unlawful practice since October 1, 2008.

**RESPONSE:** Valve objects that Request for Production No. 28 is overbroad and is being propounded for an improper purpose because it is not calculated to lead to the discovery of any

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 15
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1 information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in

2 this lawsuit.  Valve is not producing documents in response to this request.

3

4 **REQUEST FOR PRODUCTION NO. 29**  All documents sent to or received by Valve,

5 from or to any agency of the local, state, or federal government which is charged with

6 investigating discrimination complaints regarding gender or disability complaints or retaliation

7 for complaining about any alleged unlawful practice since October 1, 2008.

8 **RESPONSE:** Valve objects that Request for Production No. 29 is overbroad and is being

9 propounded for an improper purpose because it is not calculated to lead to the discovery of any

10 document that is material to the resolution of any of Plaintiff's claims or Valve's defenses in this

11 lawsuit.  Subject to and without waiving these objections, Valve is not in possession of any

12 responsive document.

13

14 **REQUEST FOR PRODUCTION NO. 30**  Any consent decrees to which Valve has

15 been a party.

16 **RESPONSE:** Valve objects that Request for Production No. 30 is overbroad and is being

17 propounded for an improper purpose because it is not calculated to lead to the discovery of any

18 information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in

19 this lawsuit.  Subject to and without waiving these objections, Valve responds as follows:  Valve

20 is not in possession of any responsive documents.

21

22 **REQUEST FOR PRODUCTION NO. 31**  All communications that A.M. sent on

23 November 24 of each year.

24 **RESPONSE:** Valve is producing responsive documents.

25

26 **REQUEST FOR PRODUCTION NO. 32**  All communications since October 1, 2008

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 16
4815-3402-4766.04
020917/2056/63478.00050

1    regarding the use of volunteer or unpaid Steam Translation Server translators or moderators.

2        **RESPONSE:** Valve objects that Request for Production No. 32 is overbroad and is being

3    propounded for an improper purpose because it is not calculated to lead to the discovery of any

4    information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in

5    this lawsuit.  Valve is not producing documents in response to this request.

6

7        **REQUEST FOR PRODUCTION NO. 33**  All communications, including but not

8    limited to Steam Chat and Skype, between Torsten Zabka and unpaid Steam Translation Server

9    translators or moderators since October 2008 regarding any incentives.

10       **RESPONSE:** Valve objects that Request for Production No. 33 is overbroad and is being

11   propounded for an improper purpose because it is not calculated to lead to the discovery of any

12   information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in

13   this lawsuit.  Valve is not producing documents in response to this request.

14

15       **REQUEST FOR PRODUCTION NO. 34**  All documents or communications in which

16   any Valve employee or agent, including but not limited to Torsten Zabka, referred to A.M. by

17   any pronoun(s) from January 1, 2012 to the date of A.M.'s termination in 2016.

18       **RESPONSE:** Valve is producing responsive documents.

19

20       **REQUEST FOR PRODUCTION NO. 35**  All documents or communications in which

21   any Valve employee or agent, including but not limited to Torsten Zabka, referred to A.M.'s

22   gender from October 1, 2008 to the date of A.M.'s termination in 2016.

23       **RESPONSE:** Valve is producing responsive documents.

24

25       **REQUEST FOR PRODUCTION NO. 36**  All documents or communications in which

26   any Valve employee or agent referred to A.M. or any other person as "tranny," "transsexual,"

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 17
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1    "transgender," "fag," "it," or "freak" from October 1, 2008 to the date of A.M.'s termination in

2    2016.

3    **RESPONSE:** Valve objects to Request for Production No. 36 to the extent that it would

4    require Valve to produce emails concerning individuals other than Plaintiff. Valve will not

5    produce any such documents. Subject to and without waiving this objection, Valve is producing

6    responsive documents that refer to Plaintiff.

7

8    **REQUEST FOR PRODUCTION NO. 37**  All communications to or from Dina Nelson

9    regarding or relating to A.M., including but not limited to communications between Dina Nelson

10   and A.M., from October 1, 2008 to the date of A.M.'s termination in 2016.

11   **RESPONSE:** Valve is producing responsive documents.

12

13   **REQUEST FOR PRODUCTION NO. 38**  All communications between A.M. and

14   Torsten Zabka regarding A.M.'s job performance.

15   **RESPONSE:** Valve is producing responsive documents.

16

17   **REQUEST FOR PRODUCTION NO. 39**  All communications between Valve

18   employees related to the decision to terminate A.M. in 2016, both before and after the

19   termination decision was made.

20   **RESPONSE:** Valve objects to this Request for Production No. 39 to the extent it would

21   require Valve to produce attorney/client privileged communications.  In particular, certain

22   documents that might be responsive to Request for Production No. 39 include attorney/client

23   privileged communications that were exchanged starting in February 2016 after her Independent

24   Contractor Agreement had been terminated and her attorney notified Valve of her claims.  Such

25   documents will not be produced.  Subject to and without waiving this objection, Valve is

26   producing non-privileged responsive documents concerning the decision to terminate Plaintiff's

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 18
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 18 of 24

1   Independent Contractor Agreement in 2016.

2

3        **REQUEST FOR PRODUCTION NO. 40**  All communications between Valve

4   employees related to the letter from Chad Biggins to Dina Nelson dated February 2, 2016.

5        **RESPONSE:** Valve objects to Request for Production No. 40 to the extent it seeks

6   documents protected by the attorney-client privilege or the work product doctrine. Subject to and

7   without waiver of these objections, Valve is producing non-privileged responsive documents.

8

9        **REQUEST FOR PRODUCTION NO. 41**  All documents which related to any efforts

10  Valve made to accommodate A.M.'s disability.

11        **RESPONSE:** Valve is producing documents concerning any request by Plaintiff for an

12  accommodation for any medical condition.

13

14        **REQUEST FOR PRODUCTION NO. 42**  All documents which relate to the reason

15  and basis for the reason Valve decided to move A.M.'s position to Washington.

16        **RESPONSE:** Valve objects to Request for Production No. 42 to the extent it seeks

17  documents protected from disclosure by the attorney-client privilege. Subject to and without

18  waiver of these objections, Valve is producing non-privileged responsive documents.

19

20        **REQUEST FOR PRODUCTION NO. 43**  All communications from Valve to Steam

21  Translation Server translator or moderator known as Clint Westwood regarding tokens available

22  to translate.

23        **RESPONSE:** Valve objects that Request for Production No. 43 is overbroad and is being

24  propounded for an improper purpose because it is not calculated to lead to the discovery of any

25  information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in

26  this lawsuit.  Valve is not producing documents in response to this request.

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 19
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4600
Seattle, Washington 98154-1192
206.624.3600

1

2     **REQUEST FOR PRODUCTION NO. 44**  All documents regarding or relating to the

3  unpaid Steam Translation Server translator and/or moderator levels.

4     **RESPONSE:** Valve objects that Request for Production No. 44 is overbroad and is being

5  propounded for an improper purpose because it is not calculated to lead to the discovery of any

6  information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in

7  this lawsuit.  Valve is not producing documents in response to this request.

8

9     **REQUEST FOR PRODUCTION NO. 45**  All documents regarding or relating to tests

10  given or offered to unpaid Steam Translation Sever translators or moderators who sought paid

11  positions.

12     **RESPONSE:** Valve objects that Request for Production No. 45 is overbroad and is being

13  propounded for an improper purpose because it is not calculated to lead to the discovery of any

14  information that is material to the resolution of any of Plaintiff's claims or Valve's defenses in

15  this lawsuit.  Valve is not producing documents in response to this request.

16

17     **REQUEST FOR PRODUCTION NO. 46**  All internal and external communications

18  from Valve regarding A.M.'s termination in 2016.

19     **RESPONSE:** Valve objects to Request for Production No. 46 to the extent it seeks

20  documents protected from disclosure by the attorney/client privilege.  Subject to and without

21  waiving these objections, Valve is producing non-privileged responsive documents.

22

23     //

24     //

25     //

26     //

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 20
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Exhibit F - Page 20 of 24

1    //

2    //

3    //

4  Dated this December 13, 2016.

5                                      Respectfully Submitted,

6                                      FOCAL PLLC

7                              By:  s/ Barbara Rhoads-Weaver

8                                   Barbara Rhoads-Weaver, WSBA #34230
                                     900 1st Avenue S., Suite 201
9                                    Seattle, Washington 98134
                                     Tel: (206) 529-4827
10                                   Fax: (206) 260-3966
                                     Email: barb@focallaw.com
11

12                                   Attorney for A.M.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 21
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

Exhibit F - Page 21 of 24

## CERTIFICATION OF COUNSEL

I, Kristina Markosova, as attorney for VALVE CORPORATION, hereby certify that I have read the foregoing responses to the above requests for admission and I believe they are in compliance with CR 26(g).

DATED this 9th day of February, 2017 in Seattle, Washington.

_____

Laurence A. Shapero, WSBA #31301
Kristina Markosova, WSBA #47924
Attorneys for Defendant

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 22
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1

## <u>VERIFICATION</u>

2

3  STATE OF _____          )
                                       )    ss.
4  COUNTY OF _____             )

5        I, _____, being first duly sworn upon oath depose and state
   as follows:  that I am designated to speak for the defendants herein, that I have read the above
6  requests for production and prepared the answers thereto, and that to the best of my knowledge
   the answers provided are true and correct.

7

8                              _____

9                              _____
                               (type or print name)

10       SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2017.

11 (Seal or stamp)              _____

12                             Notary Signature

13                              _____

14                             Print/Type Name
                               Notary Public in and for the State of Washington,
                               residing at _____
15                             My appointment expires _____

16

17

18

19

20

21

22

23

24

25

26

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 23
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

Exhibit F - Page 23 of 24

1

**CERTIFICATE OF SERVICE**

2

3

The undersigned hereby certifies on the 9th day of February 2017, I caused a true and

4

correct copy of the foregoing document to be served on the following attorneys, via the method

indicated:

5

6

Barbara Rhoads-Weaver                          Via email (with permission)
Focal PLLC

7

900 1st Avenue S., Suite 201
Seattle, Washington 98134

8

Phone: 206-529-4827
Fax: 206- 260-3966

9

Email: barb@focallaw.com
        misty@focallaw.com

10

        judy@focallaw.com

11

*Attorneys for Plaintiff*

12

13

I declare under penalty of perjury under the laws of the United States of America that the

14

foregoing is true and correct.  Executed on February 9, 2017, in accordance with 28 USC 1746.

15

16

_____

17

Kristina Markosova

18

19

20

21

22

23

24

25

26

VALVE'S RESPONSES TO A.M.'S FIRST REQUESTS FOR
PRODUCTION - (No. 16-01166) - 24
4815-3402-4766.04
020917/2056/63478.00050

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

Exhibit F - Page 24 of 24