# Exhibit H

To Declaration of Barbara Rhoads-Weaver



Barbara Rhoads-Weaver <barb@focallaw.com>

---

# AM v. Valve - Valve's Responses to Plaintiff's First Requests for Production to Defendant

**Shapero, Laurence** <lshapero@riddellwilliams.com>          Fri, Feb 10, 2017 at 11:34 AM
To: "Barbara Rhoads-Weaver (barb@focallaw.com)" <barb@focallaw.com>
Cc: "Markosova, Kristina" <kmarkosova@riddellwilliams.com>

Hello Barbara:

I write to follow up on the message sent by Kristina last night re document production and other issues.

-- First, I want to correct a typo in Kristina's message:  The document production consists of approximately 28,000 documents that are responsive to Plaintiff's RFPs.  These 28,000 documents consist of roughly 77,000 pages.

-- With respect to the ftp site, please let us know if you want anyone else at your firm to have access to that site.  Please send us names and e-mail aliases and we can arrange for access.

-- Although we are producing an awful lot of responsive documents, you will see that we are objecting to document requests that seek information about personnel or compensation information of Valve employees, or which seek information about Valve's internal business practices, or which seek information about other employee complaints of virtually every kind.  As we explain in our objections, we believe these requests are beyond the scope of proper discovery because no such practice is at issue in this litigation.  Specifically:

----- Your client asserts that she was misclassified as an independent contractor.  That issue can be resolved exclusively by examining her job duties before and after her move to California, and by application of California law.  No broader discovery is necessary or appropriate.

----- Your client asserts that Valve terminated its relationship with her because she complained of purportedly unlawful practices concerning Valve's STS community.  Perhaps when your client produces documents in response to our RFPs, we'll see something we haven't seen thus far.  But so far as we can tell, there is no document which suggests that your client complained of any purported illegality in connection with Valve's STS community.  To the contrary, it appears that your client's main complaint while at Valve is that she and her Spanish STS community were not being appropriately recognized for their purportedly superior contributions compared with other foreign-language Valve STS communities.  Especially in the final months of her relationship with Valve, the plaintiff seemed particularly focused on complaints that Valve was not providing special favors to her own personal favorites (including one individual with whom she claimed to be having a romantic relationship) as compared with other individuals within that same Spanish STS community, at least one of whom she and others verbally attacked for reasons that are not entirely clear.  Such complaints by your client can hardly be characterized as "legally protected conduct."  But even if there was such conduct (if you think there was, it would be helpful to direct us to the appropriate e-mail or other communications when you make your own document production), the only appropriate discovery on this particular issue would be documents which respond to or comment on her communications, documents which state or suggest an interest in retaliating against her.  So far, we have not seen any such document.  In any event, Plaintiff's claims of retaliation do not give her standing or any other right to put Valve on trial for the nature of its relationship with its STS community.  Valve will not, therefore, be producing documents concerning its business practices in this regard.

Exhibit H - Page 1 of 2

----- Your client asserts that she was singled out for mistreatment because of her gender transition or associated issues. She does not assert any sort of pattern or practice claim in this lawsuit (and there would be no good-faith basis to do so), so there is no basis by which she can reasonably assert that she is entitled to broad discovery concerning workplace complaints by others, or concerning workplace communications between others in the Valve community that do not relate specifically to her. Moreover, our review of the documents confirms Valve's assertion that there is no documentary evidence of harassment or hostility to the plaintiff because of her gender transition or any related issue. To the contrary, the evidence confirms that Valve consistently treated her with generosity and support in every aspect of her gender transition. Documents produced in response to plaintiff's request for e-mail messages on her November 24 work anniversary are particularly illustrative of this fact, because it is the plaintiff herself who tells Valve each year that she loves and is grateful for the Valve community and the opportunities it has provided to her. The latest such message was sent by your client less than two months before her contract with Valve ended. I encourage you to read those e-mail messages, which are obviously heartfelt and sincere, and which do more to describe your client's relationship with and appreciation for Valve than any words I can offer.

Obviously, you and your client may have different views on these or other issues. Thus, it seems almost certain that we need to talk about such issues. Instead of conferring by phone, I think it might be helpful if you and Kristina and I have an opportunity to meet face-to-face to discuss any differences regarding these discovery issues. Perhaps more importantly, I think it would also be helpful for us to discuss the direction in which this lawsuit is heading. Valve is absolutely steadfast in its views that this lawsuit is unwarranted and unjust and is, in fact, a personal betrayal by your client to a group of people who repeatedly and persistently and generously went out of their way—*as evidenced by your client's own e-mail admissions*—to provide her with an incredible community of support and even *celebration* for her brave journey the last few years. Unfortunately, her own choices with respect to the work she performed and the way she performed that work finally persuaded Valve there was no further place for her in the Valve community. I think it might be helpful to both of our clients if the attorneys can candidly discuss some of these issues in person, so perhaps we can chart a path forward that makes sense for both of our respective clients.

Is there a good day next week to meet for lunch or coffee? We can be available most any day next week, although we are not available for lunch on Wednesday or Friday.

Respectfully,

Larry

_____

**Laurence A. Shapero** | **Riddell Williams P.S.**
lshapero@riddellwilliams.com

T 206.389.1661    1001 Fourth Avenue, Suite 4500
F 206.389.1708    Seattle, Washington 98154-1192

_____

**From:** Markosova, Kristina
**Sent:** Thursday, February 09, 2017 9:13 PM
**To:** Barbara Rhoads-Weaver (barb@focallaw.com); Misty Elwood (misty@focallaw.com) (misty@focallaw.com)
**Cc:** Shapero, Laurence; Rogers, Ashley
**Subject:** AM v. Valve - Valve's Responses to Plaintiff's First Requests for Production to Defendant

[Quoted text hidden]
[Quoted text hidden]

Exhibit H - Page 2 of 2