UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.M.,

              Plaintiff,

    v.

VALVE CORPORATION, et al.,

             Defendants.

C16-1166 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion to compel, docket no. 39, is GRANTED in part and DENIED in part as follows.

    (a) As to Requests for Production Nos. 17, 19, 24, 27, 32, 33, 43, 44, and 45, plaintiff's motion to compel is DENIED. Valve Corporation ("Valve") has already produced all documents in its possession or control which relate to plaintiff's communications to Valve about its unpaid volunteer translators. Additional information concerning unpaid volunteer translators is not relevant to plaintiff's claims or proportional to the needs of the case.

    (b) As to Interrogatory No. 15, requesting the names, addresses, positions held, dates on which the positions were held, and supervisors for all individuals who worked as a translator, moderator, or administrator (whether paid or unpaid) on the Steam Translation Server during the ten (10) year period prior to the date on which Valve informed A.M. is was terminating her employment in 2016, plaintiff's motion to compel is GRANTED in part and DENIED in part. To the extent it has not already done so, Valve is DIRECTED to provide the names, positions, and contact information for individuals, other than unpaid volunteers, who worked on the Steam Translation Server with Torsten Zabka or under his supervision during the period of plaintiff's employment and complained of discrimination or harassment. Except as granted, plaintiff's motion to compel a response to Interrogatory No. 15 is DENIED.

MINUTE ORDER - 1

(c)  As to Request for Production No. 9, requesting the "complete personnel files" for each individual identified in Interrogatory No. 15, plaintiff's motion to compel is DENIED. Plaintiff indicates that Valve has agreed to supplement its response to Request for Production No. 25, which seeks documents related to complaints of harassment or discrimination, and plaintiff has not shown that additional information contained in the personnel files of non-parties is relevant to claims or defenses at issue in this case.

(d)  As to Request for Production No. 11, requesting the complete personnel files of each person who filled job functions performed by plaintiff after her termination, plaintiff's motion to compel is DENIED.

(e)  As to Request for Production No. 12, requesting all documents related to any disciplinary action or warning related to performance or misconduct for any circumstance in which Torsten Zabka was involved, plaintiff's motion to compel is DENIED. Valve has agreed to supplement its responses relating to complaints of harassment or discrimination, Request for Production No. 25, and disciplinary action taken against Torsten Zabka, Request for Production No. 13. Plaintiff has not shown that additional documents are relevant to her claims or Valve's defenses.

(f)  As to Request for Production No. 14, requesting all rosters containing identifying and contact information for Steam Translation Sever translators, moderators, or administrators (whether paid or unpaid) who have worked with Torsten Zabka or under his supervision, plaintiff's motion to compel is DENIED. Production of "rosters" would be duplicative of information provided pursuant to the Court's ruling regarding Interrogatory No. 15.

(g)  As to Request for Production No. 36, requesting documents or communications in which a Valve employee or agent referred to plaintiff or any other person as "tranny, transsexual, transgender, fag, it, or freak," plaintiff's motion to compel is GRANTED in part and DENIED in part. To the extent such documents have not already been produced,[1] Valve is DIRECTED to provide responsive documents from 2012 to the present from Dina Nelson, Jenni Salmi, and Torsten Zabka, the individuals who participated in the decision to terminate plaintiff. Except as granted, plaintiff's motion with respect to Request for Production No. 36 is DENIED. Plaintiff has not alleged that during her employment she was aware of harassment by individuals other than those for

---

[1] Valve indicates that it has already produced responsive documents relating to plaintiff from individuals with whom plaintiff most frequently worked during her time working for Valve in Los Angeles. Valve has also informed plaintiff that it will search for and produce communications from each of the employees who plaintiff claimed at her deposition made harassing remarks in 2008 and 2009.

MINUTE ORDER - 2

which Valve has proffered responses, or that other individuals engaged in discriminatory conduct she must prove was motivated by animus towards gay or transgender persons. As such, plaintiff has not met her burden of showing that the additional communications are relevant to her claims.

(2)  The Court DECLINES to award attorney's fees or costs to either party.

(3)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 29th day of June, 2017.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 3