# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

A. M.,

        Plaintiff,

v.

VALVE CORPORATION,

        Defendant.

C16-1166-TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion in limine, docket no. 92, is GRANTED in part, DENIED in part, and DEFERRED in part as follows:

    A. Motion in Limine No. 1 to instruct all counsel and witnesses to use female pronouns when referring to Plaintiff by pronoun and not to use Plaintiff's former male name is GRANTED.

    B. Motion in Limine No. 2 to preclude all evidence of or references to Plaintiff's current and former addresses and redact her address from any exhibits admitted at trial is GRANTED.

    C. Motion in Limine No. 3 to exclude all witnesses from the courtroom until called to testify is GRANTED.

    D. Motion in Limine No. 4 to preclude all evidence of or references to any offers of compromise under Federal Rule of Evidence 408 is GRANTED.

MINUTE ORDER - 1

    E.  Motion in Limine No. 5 to preclude all evidence of or references to other lawsuits, claims, or incidents involving Plaintiff is DEFERRED to the pretrial conference.

    F.  Motion in Limine No. 6 to preclude all evidence of or references to Plaintiff's alienage or immigration history and status is DENIED.

    G.  Motion in Limine No. 7 to preclude all evidence of or references to testimony regarding marital history and status is DENIED.

    H.  Motion in Limine No. 8 to preclude all evidence of or references to the specific details of Plaintiff's gender transition, including the number, type and description of surgeries and procedures she underwent is DEFERRED to the pretrial conference.

    I.  Motion in Limine No. 9 to preclude all evidence of or references to any alleged personality disorder diagnosis, unconfirmed MCMI hypotheses, and speculation relating to secondary gain is DENIED.

    J.  Motion in Limine No. 10 to preclude Defendant's Proposed Trial Exhibit A-55 (Dr. Greenspan's Expert Report) Medical Records of Ivan Greenspan PsyD, QME [IG000001-106] is DEFERRED to the pretrial conference.

    K.  Motion in Limine No. 11 to preclude all evidence of or references to after-acquired information and after-the-fact justification for Plaintiff's termination that was not considered by Ms. Nelson at the time she decided to terminate is DEFERRED to the pretrial conference.

    L.  Motion in Limine No. 12 to preclude Defendant's Proposed Trial Exhibit A-54 Spreadsheet Regarding AM Work Hours [not numbered] is DEFERRED to the pretrial conference.

    M.  Motion in Limine No. 13 to preclude all evidence of or references to Defendant's proposed trial exhibits containing hearsay and hearsay within hearsay is DEFERRED to trial.

    N.  Motion in Limine No. 14 to preclude all evidence of or references to Plaintiff's full name is DENIED.

  (2)  Defendant's motion in limine, docket no. 91, is GRANTED in part, DENIED in part, and DEFERRED in part as follows:

    A.  Motion to preclude all evidence of or testimony concerning Plaintiff's claims to recover pursuant to Cal. Bus. & Prof. Code §17203, lost or unpaid benefits is DEFERRED to the pretrial conference. The parties should be prepared to

MINUTE ORDER - 2

discuss the nature and extent of any alleged claims and whether expenses recoverable under §17203 are equitable and must be decided by the Court. *See Espejo v. Copley Press, Inc.*, 13 Cal. App. 5th at 329, 367 (2017).

   B. Motion to preclude all evidence of or testimony concerning Plaintiff's request for a statutory penalty for wages withheld is DENIED (sixth claim for alleged failure to timely tender her overtime pay pursuant to Cal. Labor Code §203 with penalty up to 30 days payment); GRANTED to the extent Plaintiff seeks to introduce evidence or recover for misclassification under the sixth claim. Plaintiff's eighth claim for misclassification under Cal. Labor Code §226.8 was dismissed by the Court.

   C. Motion to preclude all evidence of or testimony that does not relate to or rebut purported discriminatory animus by Torsten Zabka or the four other Valve employees whose discussions led to Valve's decision to terminate its work with Plaintiff in January 2016 is DEFERRED to the pretrial conference.

  (3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

  Dated this 10th day of October, 2017.

            William M. McCool
            Clerk

            s/Karen Dews
            Deputy Clerk