THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

A.M.,

          Plaintiff,

    v.

VALVE CORPORATION,

          Defendant.

No. C16-1166-TSZ

**DEFENDANT'S OBJECTIONS AND ARGUMENTS TO COURT'S JURY INSTRUCTIONS**

      Valve respectfully submits its objections and arguments to the Court's draft jury instructions. Counsel for Plaintiff and Defendant conferred on their respective objections and attempted to submit a joint document but were unable to do so due to technical difficulties and the undue confusion the joint document would have presented for the Court.

      Valve's suggested changes to the Court's draft instructions are marked in redline form. Valve has no objection to the following instructions as numbered in the Court's draft instructions: 2, 3, 4, 5, 6, 7, 8, 9, 15, 15A, 15B, 15C, 17, 18, 19, and 20.

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-1

227942\00050\51517611.v3

**INSTRUCTION NO. 1**

**Duty of Jury**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the plaintiff must prove to make ~~the~~ her case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or anything I might have said or done any suggestion as to what verdict you should return. That is a matter entirely for you to decide.

**Defendant's Objections and Argument:** No additional objections.

---

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION NO. 2**

**Burdens of Proof**

When a party has the burden of proof on any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-3

227942\00050\51517611.v3

**INSTRUCTION NO. 3**

**<u>Evidence</u>**

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

[You have also heard testimony in the form of depositions. This testimony is also evidence from which you are to decide the facts. You should draw no inference from whether these individuals were or were not physically present in court themselves.]

**Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

**INSTRUCTION NO. 4**

**Stipulated Facts**

The parties have agreed, or stipulated, to the following facts. This means that you should treat these facts as having been proved. You should consider these facts in addition to those facts which were proved to you at trial.

1.      Plaintiff is a transgender woman.

2.      Plaintiff worked for Valve as a translator and in customer support from 2008 until January 2016.

3.      On January 15, 2016, Valve notified plaintiff that it decided to end plaintiff's work with Valve and bring Spanish translations in-house rather than continue to have the work done remotely. Valve notified plaintiff it is a company of in-house collaborators and plaintiff being off site made it more difficult to communicate with her effectively regarding issues within the STS community.

4.      In response to the termination notice, plaintiff asked "If I were willing to relocate back to Seattle, do you believe the company would be willing to restore me as a full time in-house employee?" Valve responded "We are not interested in moving you back to a full time position at Valve."

5.      In 2013, Valve provided positive feedback to plaintiff regarding her performance.

6.      In the year preceding her termination, Valve gave plaintiff an hourly raise from $40 per hour to $45 per hour.

7      At the time of termination, Valve had no issue with the quality of plaintiff's foreign language translations.

8.      Before relocating to Los Angeles, plaintiff received feedback that she was seen by co-workers as difficult, negative, argumentative, and not collaborative.

**Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-5

**INSTRUCTION NO. 5**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-6

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3

**INSTRUCTION NO. 6**

**What is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


**Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-7

227942\00050\51517611.v3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

**INSTRUCTION NO. 7**

**Credibility of Witnesses**

In deciding the facts in this case, you might have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things about which the witness testified;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

These are some of the factors you may consider in deciding whether to believe testimony.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony. If, however, you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1    weight, you think their testimony deserves.

2

3    **Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-9

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTION NO. 8**

**<u>Opinion Evidence</u>**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Defendant's Objections and Argument:** None

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

**INSTRUCTION NO. 9**

**Corporations—Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Defendant's Objections and Argument:** None

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3

**INSTRUCTION NO. 10**

**Summary of Claims and Defenses**

Plaintiff asserts the following claims against Valve.  First, that Valve ~~wrongfully terminated plaintiff as an employee because of her transgender status or her disabilities; second, that Valve~~ discriminated against plaintiff ~~by treating her less favorably than others in refusing to allow plaintiff to return to work in Washington~~ because of her transgender status or disabilities~~[; third~~; and second, plaintiff also claims she remained an employee of Valve ~~while working remotely and Valve withheld wages, including overtime earnings, health insurance and paid time off benefits, before it terminated her work relationship]~~after relocating to Los Angeles and that Valve willfully withheld wages from her.

Plaintiff claims her "disabilities" consist of gender dysphoria, depression and anxiety.

Valve contends that ~~at all times material~~after plaintiff moved to Los Angeles from Washington, plaintiff was an independent contractor rather than an employee ~~and~~, that Valve's decision to terminate the work relationship with plaintiff was ~~both~~ lawful ~~.~~, and that the decision was made for legitimate, nondiscriminatory reasons.  Valve also contends that it did not willfully withhold wages from plaintiff either because she was an independent contractor and therefore not entitled to such wages, or because Valve had a good faith belief that plaintiff was an independent contractor and therefore not entitled to such wages.

The foregoing is merely a summary of the claims and defenses of the parties.  You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence.  These claims and defenses have been outlined solely to aid you in understanding the issues.

Unless otherwise stated, the instructions apply to all parties.

**Defendant's Objections and Argument:**  Valve has modified Instruction No. 10 to accurately reflect Valve's positions and to eliminate reference to Plaintiff's wrongful termination claim

---

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

because it is derivative of her underlying discrimination claim. Valve acknowledges that under

California law, if Plaintiff prevails on her discrimination claim, that finding by the jury will also

support her common law wrongful termination claim. The elements of Plaintiff's wrongful

termination and discrimination claims are identical, and presenting two claims with identical

elements will only serve to confuse the jury. *Compare* Instruction No. 11 *with* Instruction No.

12. To the extent Plaintiff has attempted to differentiate the two claims by arguing that the harm

complained of in her wrongful termination is the termination itself while the harm complained of

in her discrimination claim is Valve's declining to re-hire her if she moved back to Washington,

no such distinction can be made. Valve's decision not to re-hire Plaintiff if she moved back to

Washington is not an actionable adverse employment action supporting a discrimination claim,

but rather argument supporting Plaintiff's assertion that Valve's proffered reasons for dismissing

her were pretextual. As Plaintiff wrote in her Complaint, "when Plaintiff offered to relocated

back to Washington, Defendant refused. The stated reason for termination was pretextual." Dkt.

# 1 ¶ 10. There is no reason to present two identical claims, one of which is derivative of and

necessarily relies upon the other, to a jury of laypersons.

Additionally, informing the jury of Plaintiff's assertion that she is entitled to recovery for

health insurance and PTO benefits is unduly prejudicial to Valve and unsupported by the case

law. The jury is asked only to determine how much, if anything, Plaintiff may be owed in a

waiting-time penalty, not the total amount of money Valve may have withheld. Under California

law, this waiting-time penalty includes only an employee's salary or hourly wages and does not

include benefits. *See, e.g., Kao v. Joy Holiday,* 12 Cal. App. 5th 947, 963 (2017) (calculating

waiting time penalty by multiplying hourly rate by 8 hours per day, and multiplying daily rate by

number of days defendant failed to pay); *Andrade v. Arby's Rest. Grp., Inc.,* 225 F. Supp. 3d

115, 1139 (N.D. Cal. 2016) (calculating waiting time penalty by multiplying hourly rate by 40

hours per week); *Drumm v. Morningstar, Inc.,* 695 F. Supp. 2d 1014, 1019 (N.D. Cal. 2010)

(instructing the jury to calculate the waiting time penalty by dividing the employee's annual

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-13

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

wages by 52 weeks, dividing the resulting figure by 40 hours to obtain the hourly rate, multiplying that figure by 8 hours per day, and multiplying the daily rate by the number of days defendant failed to pay).

The cases cited by Plaintiff do not concern the calculation of the waiting time penalty under § 203 but rather the definition of "wages" under Labor Code § 200 et seq. generally. The jury is not being asked to determine the amount of money Valve may have withheld and any mention of benefits is irrelevant to the calculation of the waiting time penalty. Providing a contested definition of "wages" in this instruction will serve only to prejudice Valve and confuse the jury.

Plaintiff's attempt to prevent the jury from considering Valve's good faith defense is also meritless. Valve was not required to plead any particular affirmative defense in order to refute any evidence Plaintiff presents in attempting to meet her burden of proving that Valve's failure to pay was wilfull. Valve is entitled to rebut Plaintiff's evidence. Any affirmative defenses plead or not plead are wholly irrelevant to Valve's right of rebuttal. The cases Plaintiff cites do not hold otherwise and her citations are misleading. In *Chiu v. Citrix Sys., Inc.,* 2011 WL 6018278, at *5 (C.D. Cal. Nov. 23, 2011), the defendant moved to dismiss plaintiff's Labor Code § 203 claim, arguing that plaintiff could not recover the penalty unless he established defendant acted in bad faith. *Id.* The court disagreed, stating that California law does not require a plaintiff to establish a defendant's bad faith, and that "[a]t most, [the case cited by defendant] stands for the proposition that defendants may assert a good faith defense—and, as previously stated, an affirmative defense is an insufficient basis for granting a motion to dismiss." *Id.* Plainly, *Chiu* does not hold that a defendant *must* assert a good faith affirmative defense, but rather explains that merely pleading the affirmative defense is not grounds for granting a motion to dismiss. Valve should be permitted to rebut Plaintiff's arguments regarding the wilfullness element.

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-14

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

## INSTRUCTION NO. 11 [OMITTED]

### First Claim – Wrongful Termination in Violation of Public Policy

Plaintiff claims Valve terminated its work relationship with her for reasons that violate a public policy. It is a violation of public policy to terminate a worker because of a disability or because of her gender identity. To establish this claim, plaintiff must prove each of the following elements by a preponderance of the evidence:

1. That plaintiff worked for Valve as an employee in January 2016;

2. That Valve terminated plaintiff;

3. That plaintiff's transgender status or disabilities was a substantial motivating reason for plaintiff's termination; and

4. That the termination caused plaintiff harm.

If you find from your consideration of all of the evidence that plaintiff has not proved any of these elements, then your verdict should be for Valve. On the other hand, if you find that all of these elements have been proved, then your verdict should be for plaintiff and against Valve on this claim.

Source: CACI No. 2430 (Mod.) (P1. Proposed No. 23) (Mod.)

**Defendant's Objections and Argument:** This instruction should be omitted for the reasons stated in Valve's objection to Instruction No. 10.

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-15

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3

**INSTRUCTION NO. 11A First [INSTRUCTION NOS. 12A and 12B]**

**Second Claim - First Element - Employee/Independent Contractor**

For the first element of claim onetwo, plaintiff has the burden to prove that plaintiff was an "employee" in January 2016.

In deciding whether plaintiff was Valve's employee not an independent contractor, the most important factor is whether Valve had the right to control how plaintiff performed the work, rather than just the right to specify the result. One indication of the right to control is that the hirer can discharge the worker without cause. It does not matter whether Valve exercised the right to control.

In deciding whether Valve was plaintiff's employer, in addition to the right of control, you must consider the full nature of their relationship. You should take into account the following additional factors, which, if true, may show that Valve was the employer of plaintiff No one factor is necessarily decisive. Do not simply count the number of applicable factors and use the larger number to make your decision. It is for you to determine the weight and importance to give to each of these additional factors based on all of the evidence.

(a)     Valve supplied the equipment, tools, and place of work;

(b)     Plaintiff was paid by the hour rather than by the job;

(c)     Valve was in business;

(d)     The work being done by plaintiff was part of the regular business of Valve;

(e)     Plaintiff was not engaged in a distinct occupation or business;

(f)     The kind of work performed by plaintiff is usually done under the direction of a supervisor rather than by a specialist working without supervision;

(g)     The kind of work performed by plaintiff does not require specialized or professional skill;

(h)     The services performed by plaintiff were to be performed over a long period of time; and

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-16

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

1      (i)      Valve and plaintiff believed that they had an employer-employee relationship.

2  Source: CACI No. 3704 (Pl. Proposed No. 32)

3

4  **Defendant's Objections and Argument:**  Valve proposes using the Court's Instruction Nos.

5  12B and 12C in place of this Instruction No. 11A.  In Instruction Nos. 12B and 12C, the word

6  "agent" should be replaced with the word "employee."  Additionally, this instruction applies to

7  Plaintiff's second claim for unpaid compensation rather than her first claim for discrimination.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-17

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3

**INSTRUCTION NO. 11B [INSTRUCTION NO. 11A]**

**First Claim - Third Element - Causation**

Employment is presumed to be "at will." That means that an employer may terminate an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory reason.

Plaintiff claims that plaintiff was terminated because of a discriminatory reason—that her transgender status or disabilities was a substantial motivating reason for the decision to terminate her.

In this case, the parties agree that the decision to terminate plaintiff was made by Dina Nelson. Even if Ms. Nelson did not hold any discriminatory intent, Valve may still be liable for discrimination if plaintiff proves both of the following:

1.    That plaintiff's transgender status or disabilities was were a substantial motivating reason for any of the individuals who provided Ms. Nelson with information that led to her decision to terminate plaintiff; and

2.    That information provided to Ms. Nelson by any individual who was substantially motivated to provide such information because of plaintiff's transgender status or disabilities was itself a substantial motivating factor in Ms. Nelson's decision to terminate plaintiff.

Source: CACI No. 2513 (Mod.) (Pl. Proposed No. 28), 2512 (Mod.)

**Defendant's Objections and Argument:** No additional objections.

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-18

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

**(INSTRUCTION NO. 11C) [OMITTED]**

**First Claim – Limitation on Remedies – Same Decision**

Plaintiff claims that she was terminated because of her transgender status or disabilities, which are unlawfully discriminatory reasons. Valve claims it terminated its work relationship with plaintiff because of concerns about her work, her work relationships with others, and the way in which she completed or failed to perform her job duties. These are lawful reasons for plaintiff's termination.

If you find that discrimination was a substantial motivating reason for plaintiff's termination, you must then consider Valve's stated reasons for the termination.

If you find that Valve's stated reasons for the dismissal were also substantially motivating reasons, then you must determine whether Valve has proven that it would have terminated plaintiff anyway at that time based on Valve's stated reasons for the termination even if it had not also been substantially motivated by discrimination.

In determining whether Valve's stated reasons for the termination were substantially motivating reasons, determine what actually motivated Valve, not what it might have been justified in doing.

If you find that Valve terminated plaintiff for a discriminatory reason, you will be asked to determine the amount of damages that plaintiff is entitled to recover. If, however, you find that Valve would have dismissed plaintiff anyway at that time for Valve's stated reasons, then plaintiff will not be entitled to reinstatement, back pay or damages.

Source: CACI No. 2512 (Mod.) (Def. Proposed No. 28)


**Defendant's Objections and Argument:** This instruction should be omitted for the reasons stated in Valve's objection to Instruction No. 10. Instruction No. 12A provides the same instruction relating to Plaintiff's discrimination claim.

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-19

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

**INSTRUCTION NO. 12 [INSTRUCTION NO. 11]**

~~Second~~ First **Claim—Discrimination**

Plaintiff claims that Valve wrongfully discriminated against her based on her transgender status.  To establish this claim, plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    That plaintiff worked for Valve;

2.    That Valve terminated the work relationship;

3.    That plaintiff's transgender status was a substantial motivating reason for Valve's decision to ~~hire~~ terminate its work relationship with plaintiff; and

4.    That Valve's conduct caused plaintiff damage.

~~Please refer to Instruction 11B relating to Causation which also applies to this Second Claim.~~

If you find from your consideration of all of the evidence that plaintiff has not proved any of these elements, then your verdict should be for Valve.  On the other hand, if you find that plaintiff has proved all of these elements, then your verdict should be for plaintiff and against Valve on this claim.

Plaintiff also contends that she was wrongfully discriminated against based on her gender dysphoria, depression and anxiety.  In order to establish this claim, plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    That plaintiff worked for Valve;

2.    That Valve terminated the work relationship;

3.    That Valve knew that plaintiff had a history of disabilities that limited her occupational functioning;

~~4.    That plaintiff was able to perform the essential job duties with reasonably accommodation for her disabilities;~~

~~5~~4.    That plaintiff's disabilities were a substantial motivating reason for Valve's

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-20

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1  decision to ~~hire~~ fire plaintiff; and

2       ~~6~~5.    That Valve's conduct caused plaintiff damage.

3       ~~Please refer to Instruction 11B relating to Causation which also applies to this Second~~

4  ~~Claim.~~

5       If you find from your consideration of all of the evidence that plaintiff has not proved any

6  of these elements, then your verdict should be for Valve.  On the other hand, if you find that

7  plaintiff has proved all of these elements, then your verdict should be for plaintiff and against

8  Valve on this claim.

9

10 **Defendant's Objections and Argument:**  Element 4 ("That plaintiff was able to perform the

11 essential job duties with reasonable accommodation for her disabilities") should be eliminated.

12 The concept of accomodations generally may relate to claims of discrimination where a failure to

13 accommodate a disability amounts to a discriminatory act, but the Court has already dismissed

14 Plaintiff's failure to accommodate claim.  Element 4 will serve only to confuse the jury and

15 should be omitted.  Valve is unable to determine if Plaintiff now attempts to argue that Valve

16 should have brought her back in-house as an accommodation for her disabilities.  If she does,

17 such an argument makes little sense given that Plaintiff herself stated that working with others

18 exacerbated her anxiety and depression and that her disabilities preclude her from being able to

19 work in an office environment.  Because Plaintiff's failure to accommodate claim has been

20 dismissed and because there is no other potential accommodation at issue, element 4 should not

21 be included in this instruction.

22        Additionally, no reference should be made to Valve declining Plaintiff's offer to move

23 back to Washington to work in-house.  Plaintiff has never before asserted that this constitutes an

24 adverse employment action, and it does not.  Plaintiff claims that a refusal to hire is an actionable

25 adverse employment action but that is not what happened here.  Plaintiff did not apply for and

26 fail to obtain a job at Valve.  Rather, Valve made the decision to terminate Plaintiff's

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-21

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1  independent contractor agreement because of her poor work performance and, in response to

2  Plaintiff's inquiry, informed her that they were not interested in bringing her back to work in

3  Valve's Bellevue office.  There was no separate, actionable refusal to hire Plaintiff.  The only

4  adverse employment action at issue is Valve's termination of Plaintiff's independent contractor

5  agreement.  Plaintiff may attempt to convince the jury that Valve declining her offer to move

6  back to Washington is evidence of pretext, but she cannot claim that this itself is a discriminatory

7  act.

8         Finally, references to Instruction No. 11B should be eliminated unless the Court

9  determines that both Plaintiff's wrongful termination and discrimination claims should be

10  presented to the jury, because if only one claim is presented the instruction on causation will

11  sequentially follow this Instruction No. 12.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-22

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

**INSTRUCTION NO. 12A** ~~Second~~ **[INSTRUCTION NO. 11C]**

**First Claim - Limitation on Remedies - Same Decision**

Plaintiff claims that she was not allowed to transfer to Washington and work for Valve because of her transgender status or disabilities.  Valve claims it terminated its work relationship with plaintiff because of concerns about her work, her work relationships with others, and the way in which she completed or failed to perform her job duties.  These are lawful reasons for plaintiff's dismissal.

If you find that discrimination was a substantial motivating reason for plaintiff's termination, you must then consider Valve's stated reasons for the decision.

If you find that Valve's stated reasons for the termination were also substantially motivating reasons, then you must determine whether Valve has proven that it would have terminated plaintiff anyway at that time based on Valve's stated reasons for the termination even if it had not also been substantially motivated by discrimination.

In determining whether Valve's stated reasons for the termination were substantially motivating reasons, determine what actually motivated Valve, not what it might have been justified in doing.

If you find that Valve refused to continue a work relationship with plaintiff for a discriminatory reason, you will be asked to determine the amount of damages that plaintiff is entitled to recover.  If, however, you find that Valve would have terminated plaintiff anyway at that time because of Valve's stated reasons, then plaintiff will not be entitled to ~~recover on plaintiff's second claim~~ back pay or damages.

Source: CACI No. 2512 (Mod.) (Def. Proposed No. 28)

**Defendant's Objections and Argument:**  No additional objections.

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-23

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

1    **INSTRUCTION NO. 13 [~~Third Claim – Unpaid Compensation~~]INSTRUCTION NO. 12]**

2    **Second Claim – Waiting Time Penalty for Late Payment of Wages**

3    Plaintiff claims that Valve willfully failed to ~~pay her for "wages" which includes~~

4    ~~insurance benefits and paid time off which are otherwise available to employees.  To prove her~~

5    ~~third claim for wages~~timely pay her all of the overtime wages that were owed to her at the time

6    of her dismissal, and that she is therefore entitled to a penalty payment in an amount equal to the

7    wages she would have been paid if her work for Valve had continued for another 30 calendar

8    days.  To prove her second claim for this penalty amount, plaintiff must prove each of the

9    following elements by a preponderance of the evidence:

10        1.        That plaintiff was an employee rather than an independent contractor of Valve;

11        2.        That Valve failed to pay all "wages" due by January 15, 2016;

12        3.        That Valve's failure to pay wages was willful; and

13        ~~4.        The amount of any unpaid wages and benefits due.~~

14        4.        Plaintiff's daily rate of pay, multiplied by the number of days that payment of

15    wages was delayed, up to a maximum of 30 days.

16        ~~"Wages" includes all amounts for labor performed by an employee, whether the~~

17    ~~amount is calculated by time, task, piece, commission, or some other method.  "Wages"~~

18    ~~includes insurance and paid time off benefits that are otherwise made available to employees.~~

19    "Willfully" means that the employer intentionally failed or refused to pay the wages.  If

20    you find that there was a good faith dispute as to whether additional wages were due, then you

21    should find that plaintiff has not proved the third element of this claim.  A "good faith dispute"

22    occurs when an employer presents facts indicating that it reasonably believed the plaintiff was

23    not entitled to additional wages.  That the employer's belief was ultimately incorrect does not

24    preclude a finding of good faith.

25        If you find from your consideration of all of the evidence that plaintiff has not proved any

26    of these elements, then your verdict should be for Valve.  On the other hand, if you find that

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-24

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

plaintiff has proved all of these elements, then your verdict should be for plaintiff and against Valve on this claim.

Source: CACI No. 2700 (Mod.)

**Defendant's Objections and Argument:**  Contrary to Plaintiff's assertion, she is not entitled to insurance benefits, PTO benefits, or any other benefit as part of the waiting time penalty.  Under California law, only salaries are recoverable as waiting time penalties.  *See, e.g., Kao v. Joy Holiday,* 12 Cal. App. 5th 947, 963 (2017) (calculating waiting time penalty by multiplying hourly rate by 8 hours per day, and multiplying daily rate by number of days defendant failed to pay); *Andrade v. Arby's Rest. Grp., Inc.,* 225 F. Supp. 3d 115, 1139 (N.D. Cal. 2016) (calculating waiting time penalty by multiplying hourly rate by 40 hours per week); *Drumm v. Morningstar, Inc.,* 695 F. Supp. 2d 1014, 1019 (N.D. Cal. 2010) (instructing the jury to calculate the waiting time penalty by dividing the employee's annual wages by 52 weeks, dividing the resulting figure by 40 hours to obtain the hourly rate, multiplying that figure by 8 hours per day, and multiplying the daily rate by the number of days defendant failed to pay).

Additionally, Valve must be permitted to present evidence of and instruct the jury on its good faith belief that Plaintiff was an independent contractor rather than an employee.  Such evidence may be presented to rebut any argument Plaintiff makes in favor of a finding of willfulness, and Valve need not have pled any particular affirmative defense to exercise its right to rebut Plaintiff's arguments.  The jury must be instructed on the good faith defense to this claim.  The inserted language is adapted from California Code of Regulations title 8 §13520, which codifies the defense, and *Armenta v. Osmose,* 135 Cal. App. 4th 314, 325 (2005).

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-25

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTION NO. 14 [INSTRUCTION NO. 11B]**

**First Claim – Fourth Element – "Substantial Motivating Reason"**

A "substantial motivating reason" is a reason that actually contributes to the decision to terminate or not hire.  It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the decision.

Source: CACI No. 2507 (Joint Agree Inst. No. 17) (Mod.)

**Defendant's Objections and Argument:** This instruction should be labeled and inserted with the instructions pertaining to Plaintiff's first claim for discrimination.

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-26

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION NO. 15  [INSTRUCTION NO. 13]**

**Measure of Damages**

It is the duty of the Court to instruct you as to the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.  If you find for plaintiff, you must determine her damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate plaintiff for any injury you find was caused by Valve. If your verdict is for plaintiff on her First or Second claim, you should consider the following in determining the measure of damages:

1.      The reasonable value of earnings lost, if any, up to the present time and, with reasonable probability, to be experienced in the future; and

2.      Any past and future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress.

It is for you to determine, based upon the evidence, what damages, if any, plaintiff has proved.  Your award of damages must be based upon evidence and not upon speculation, guess, or conjecture.

**Defendant's Objections and Argument:** None

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

### INSTRUCTION NO. 15A [INSTRUCTION NO. 13A]

#### Noneconomic Damages

Plaintiff claims past and future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, plaintiff must prove that she is reasonably certain to suffer that harm.

For future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate plaintiff for future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

Source: CACI No. 3905A (Pl. Proposed No. 39)


**Defendant's Objections and Argument:** None

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

1

**INSTRUCTION NO. 15B [INSTRUCTION NO. 13B]**

2

<u>**Unusually Susceptible Plaintiff**</u>

3

You must decide the full amount of money that will reasonably and fairly compensate

4

plaintiff for all damages caused by the wrongful conduct of Valve, even if plaintiff was more

5

susceptible to injury than a normally healthy person would have been, and even if a normally

6

healthy person would not have suffered similar jury.

7

Source: CACI No. 3928 (Joint Inst. No. 19)

8

9

**Defendant's Objections and Argument:** None

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-29

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**INSTRUCTION NO. 15C [INSTRUCTION NO. 13C]**

**Aggravation of Preexisting Condition or Disability**

Plaintiff is not entitled to damages for any emotional condition that she had before Valve's conduct occurred.  However, if plaintiff had an emotional condition that was made worse by Valve's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

Source: CACI No. 3927 (Joint Inst. No. 18)

**Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-30

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

**INSTRUCTION NO. 15D [INSTRUCTION NO. 13D]**

**Duty to Mitigate Damages for Past Lost Earnings**

Plaintiff is not entitled to recover damages for economic losses that Valve proves plaintiff could have avoided by ~~returning to gainful employment as soon as it was reasonable for her to do so~~accepting and continuing to engage in other employment or paid work between January 15, 2016 and the present.

To calculate the amount of damages you must:

1.    Determine the amount plaintiff would have earned from the job she held at the time she was terminated; and

2.    Subtract the amount plaintiff earned or could have earned by ~~returning to gainful~~ accepting and continuing to engage in other employment or paid work between January 15, 2016 and the present.

The resulting amount is plaintiff's damages for past lost earnings.

Source: CACI No. 3961 (Joint Inst. No. 20)


**Defendant's Objections and Argument:**  This instruction must be amended to reflect the fact that Plaintiff obtained substantially similar employment but voluntarily quit.  Plaintiff is not entitled to recover past lost wages she could have earned had she not voluntarily quit that job.

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-31

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

1    **INSTRUCTION NO. 15E [INSTRUCTION NO. 13E]**

2    **Duty to Mitigate Damages for Future Lost Earnings**

3    Plaintiff is not entitled to recover damages for future economic losses that Valve proves

4    plaintiff ~~will be able to avoid by returning to gainful employment as soon as it is reasonable for~~

5    ~~her to do so.~~could avoid by accepting and continuing to engage in other employment or other

6    paid work.

7    If you decide that plaintiff ~~will be~~ is able ~~to return~~ to work, then you must not award her

8    any damages for the amount she will be able to earn from future gainful employment.  To

9    calculate the amount of damages you must:

10    1.    Determine the amount plaintiff would have earned from the job she held at the

11    time she was terminated; and

12    2.    Subtract the amount plaintiff is reasonably able to earn from alternate

13    employment.

14    The resulting amount is plaintiff's damages for future lost earnings.

15    Source: CACI No. 3962 (Joint Inst. No. 21)

16

17    **Defendant's Objections and Argument:**  This instruction must be amended to reflect the fact

18    that Plaintiff obtained substantially similar employment but voluntarily quit.  Plaintiff is not

19    entitled to recover future lost wages she could have earned had she not voluntarily quit that job.

20

21

22

23

24

25

26

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-32

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

1

**INSTRUCTION NO. 15F [INSTRUCTION NO. 13F]**

2

**Duty to Mitigate Noneconomic Damages**

3

The plaintiff has a duty to use reasonable efforts to mitigate noneconomic damages.  To

4

mitigate means to avoid or reduce damages.

5

The Valve has the burden of proving by a preponderance of the evidence:

6

1.    That the plaintiff failed to use reasonable efforts to mitigate damages; and

7

2.    The amount by which damages would have been mitigated.

8

Source: 9th Cir. 5.3 (Mod.) (Def. Proposed No. 45)

9

10

**Defendant's Objections and Argument:** This instruction may be eliminated.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-33

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

**INSTRUCTION NO. 16 [INSTRUCTION NO. 14]**

**Damages on Multiple Theories**

Plaintiff seeks damages from Valve under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Valve is liable to plaintiff under the following legal theories:

1.    wrongful termination in violation of public policy;

2.    disability or transgender status discrimination.

The following items of damages are recoverable only once under both of the above legal theories:

1.    past lost earnings for wrongful termination or discrimination;

2.    ~~past lost benefits while plaintiff worked remotely;~~

3.    ~~past lost benefits for wrongful termination or discrimination;~~

~~4~~3.    future lost earnings for wrongful termination or discrimination;

~~5~~4.    past medical expenses from wrongful termination or discrimination;

~~6~~5.    future medical expenses from wrongful termination or discrimination; and

~~7~~6.    emotional distress and mental suffering from wrongful termination or discrimination.

Source: CACI No. 3934 (Mod.) (Pl. Proposed No. 37)


**Defendant's Objections and Argument:**  This instruction should only be used if the Court determines that both Plaintiff's wrongful termination and discrimination claims should be presented to the jury.  If the instruction is used, references to past lost benefits should be omitted because Plaintiff has not presented any authority to support her position that she is entitled to recover such amounts.

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-34

227942\00050\51517611.v3

**INSTRUCTION NO. 17 [INSTRUCTION NO. 15]**

**Deliberation**

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a presiding juror to act as chairperson.  It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.

You will be furnished with all the exhibits, these instructions and a suitable form of verdict.

All of you must agree upon a verdict.  When you have so agreed, fill in the proper form of verdict to express the results of your determination.  The presiding juror will sign and date it and announce your agreement to the clerk who will conduct you into court to declare your verdict.

**Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-35

227942\00050\51517611.v3

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

**INSTRUCTION NO. 18 [INSTRUCTION NO. 16]**

**<u>Reaching Agreement</u>**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

**Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-36

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

**INSTRUCTION NO. 19 [INSTRUCTION NO. 17]**

**Communication with Court**

       If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

**Defendant's Objections and Argument:** None

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-37

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3

1

**INSTRUCTION NO. 20 [INSTRUCTION NO. 18]**

2

**Verdict**

3

After you have reached unanimous agreement on a verdict, your presiding juror will fill

4

in, date, and sign the verdict form and advise the court that you have reached a verdict.

5

6

**Defendant's Objections and Argument:** None

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-38

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

227942\00050\51517611.v3

DATED this 20th day of October, 2017.

FOX ROTHSCHILD LLP


By  s/ Laurence A. Shapero
      Laurence A. Shapero, WSBA #31301
      Sarah E. Joye, WSBA #44357
      Fox Rothschild LLP
      1001 Fourth Avenue, Suite 4500
      Seattle, WA 98154-1192
      Telephone: (206) 624-3600
      Email:      lshapero@foxrothschild.com
                     sjoye@foxrothschild.com

      *Attorneys for Defendant*

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-39

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Barbara Rhoads-Weaver
Venkat Balasubramani
Garrett Heilman
Focal PLLC
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Phone: 206-529-4827
Fax: 206-260-3966
Email: barb@focallaw.com
        venkat@focallaw.com
        misty@focallaw.com
        judy@focallaw.com
        garrett@focallaw.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 20, 2017, in accordance with 28 USC 1746.

*Ashley M. Rogers*
Ashley Rogers

DEFENDANT'S OBJECTIONS AND ARGUMENTS TO
COURT'S JURY INSTRUCTIONS – (No. C16-1166-TSZ)-40

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

227942\00050\51517611.v3