THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONELLA MADDALENA,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | No. 16-cv-01166-TSZ<br><br>**DEFENDANT VALVE CORPORATION'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S CLAIM UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.** |

In Plaintiff's seventh cause of action she alleges that Valve's alleged failure to pay her "all wages due and owing including overtime wages" constitutes an unfair business practice and a violation of California's Unfair Competition Law ("UCL"), Chapter 4 of the California Business and Professions Code § 17200 *et seq.* *See* Dkt. # 1-1 ¶¶ 45–49. In other words, she asserts that Valve's alleged violations of Labor Code §§ 203 (unpaid wages) and 226.8 (misclassification) constitute a violation of the UCL. Despite claiming only wages and overtime under this cause of action in her Complaint (*id.* ¶¶ 47–48), Plaintiff now attempts to recover medical and other benefits to which she claims to be entitled for the period of her alleged misclassification.

The Court has already dismissed Plaintiff's claim under Labor Code § 226.8, and Labor Code § 203 cannot support a UCL claim as a matter of law. Even if Plaintiff did have an

VALVE'S PROP. FINDINGS OF FACT AND CONCLUSIONS OF
LAW ON PLAINTIFF'S CAL. BUS. & PROF. CODE CLAIM -
(No. 16-cv-01166) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

51620456.v3-10/30/17

actionable UCL claim, she has already received all of the relief to which she is entitled under that law, and her UCL claim therefore must be dismissed.

## I. FINDINGS OF FACT

1. On September 25, 2017, Valve tendered a check to Plaintiff in the amount of $51,243.14, which Plaintiff accepted and deposited.

2. $51,243.14 is the amount Plaintiff claimed was owed to her by Valve for unpaid overtime wages and associated interest penalties.

3. Valve does not have any employees outside the State of Washington, and provides benefits only to those individuals who are employed in its Bellevue, Washington offices.

4. Upon her relocation to Los Angeles, Plaintiff did not ask to be classified as an employee in California. Because it does not have any employees in that state, Valve would not have engaged Plaintiff as an employee in California in 2012 and would have ended its relationship with her at that time if the parties had not mutually agreed to an independent contractor agreement.

## II. CONCLUSIONS OF LAW

1. Under California law, there is no right to a jury trial on UCL claims because the only available relief is equitable. *See Jon Chau v. Starbucks Corp.,* 174 Cal. App. 4th 688 (2009); *Hodge v. Superior Court,* 145 Cal. App. 4th 278 (2006).

2. The UCL "creates an independent action when a business practice violates some other law." *Walker v. Countrywide Home Loans, Inc.,* 98 Cal. App. 4th 1158, 1169 (2002). Stated otherwise, the UCL "'borrows' violations of other laws and treats them as unlawful practices independently actionable under the UCL." *Flores v. EMC Morg. Co.,* 997 F. Supp. 2d 1088, 1118 (E.D. Cal. 2014) (quoting *Farmers Inc. Exchange v. Superior Ct.,* 2 Cal. 4th 377, 383 (1992)).

3. "Where a plaintiff cannot state a claim under the 'borrowed' law, she cannot state

VALVE'S PROP. FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S CAL. BUS. & PROF. CODE CLAIM - (No. 16-cv-01166) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

51620456.v3-10/30/17

a UCL claim either." *Rubio v. Capital One Bank,* 572 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008) (citing *Smith v. State Farm Mut. Auto. Ins. Co.,* 93 Cal. App. 4th 700, 718 (2001)).

4. Section 17203 of California's Unfair Competition Law authorizes courts to fashion remedies to prevent, deter, and compensate for unfair business practices, including making orders or judgments "as may be necessary to restore to any person any interest in money . . . which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203; *Cortez v. Purolator Air Filtration Prods. Co.,* 23 Cal. 4th 163, 176 (2000).

5. Section 17203 is equitable in nature and authorizes restitutionary remedies for unfair competition. *Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 179 (1999) (relief under § 17203 is limited to injunctive relief and restitution).

6. Payment of earned wages is one such remedy, but damages are not available. *Cacique, Inc. v. Robert Reiser & Co., Inc.,* 169 F.3d 619, 624 (9th Cir. 1999) (no damages available under the UCL); *Sandoval v. Ali,* 34 F. Supp. 3d 1031, 1044 (N.D. Cal. 2014) (striking the word "damages" from plaintiffs' UCL claim); *Cortez,* 23 Cal. 4th at 177 (earned wages are a restitutionary remedy authorized by § 17203).

7. Because Labor Code § 203 provides for a penalty, not restitutionary wages, Plaintiff's claim under that for a statutory waiting-time penalty for failure to pay wages when due cannot support a UCL claim. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.,* 505 F. Supp. 2d 609, 619 (N.D. Cal. 2007) (granting motion to dismiss UCL claim based on § 203 violation because § 203 provides for a penalty rather than restitution); *Tomlinson v. Indymac Bank, F.S.B.,* 359 F. Supp. 2d 891, 895 (C.D. Cal. 2005) (granting judgment on the pleadings on the ground that § 203 provides for a penalty, not wages, which cannot be raised through a UCL claim). Because she cannot state a claim under her "borrowed" law, Plaintiff's UCL claim necessarily fails as a matter of law and must be dismissed. *Rubio,* 572 F. Supp. at 1168.

8. Even if § 203 could support a UCL claim, Plaintiff may not recover benefits as a restitutionary remedy under § 17203. Because she has already received payment of all the

VALVE'S PROP. FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S CAL. BUS. & PROF. CODE CLAIM - (No. 16-cv-01166) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

51620456.v3-10/30/17

earned wages and interest she claimed, Plaintiff is not entitled to any further relief under this section. *See Andrade v. Arby's Rest. Grp., Inc.,* 225 F. Supp. 3d 1115, 1135 (N.D. Cal. 2016) ("Regarding restitution [under the UCL], it is less than clear from Andrade's representations what restitution she would be entitled to apart from her recovery under the above-discussed sections of the FLSA and California Labor Code.").

9. The cases Plaintiff cites in support of her claim for benefits do not support her position. *Espejo v. Copley Press,* 13 Cal. App. 5th 329 (2017) and *In re Work Uniform Cases,* 133 Cal. App. 4th 326 (2005) both deal with reimbursement for business expenses. In *Espejo,* the California Court of Appeals held that business expenses under Labor Code § 2802 (requiring employers to indemnify employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties") were recoverable under the UCL, and upheld a trial court's restitutionary award consisting of business expenses including mileage reimbursement, newspaper bags and rubber bands, insurance premiums, bond premiums, warehouse rent, and insert charges. *Espejo,* 13 Cal. App. 5th at 367–68. In *Uniform Cases,* the Court of Appeals concluded that payment for employee uniforms is a component of employee compensation, but the case did not touch on restitution under the UCL. *Uniform Cases,* 133 Cal. App. 4th 326, 338. Neither stands for the proposition that medical or other benefits are recoverable as restitution under the UCL.

10. Even if benefits could be recovered as a restitutionary remedy, Plaintiff has not met her burden of proving the value of those benefits by a preponderance of the evidence, as she has not produced any evidence supporting her self-serving valuation of benefits she claims she would have received as an employee in California.

//
//
//
//

VALVE'S PROP. FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S CAL. BUS. & PROF. CODE CLAIM - (No. 16-cv-01166) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

51620456.v3-10/30/17

| | |
|---|---|
| 1 | DATED this 30th day of October, 2017. |
| 2 | FOX ROTHSCHILD LLP |
| 3 | |
| 4 | By s/ Laurence A. Shapero |
| | Laurence A. Shapero, WSBA #31301 |
| 5 | Sarah E. Joye, WSBA #44357 |
| | Fox Rothschild LLP |
| 6 | 1001 Fourth Avenue, Suite 4500 |
| | Seattle, WA 98154-1192 |
| 7 | Telephone: (206) 624-3600 |
| | Email: lshapero@foxrothschild.com |
| 8 | sjoye@foxrothschild.com |
| 9 | *Attorneys for Defendant* |

VALVE'S PROP. FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S CAL. BUS. & PROF. CODE CLAIM - (No. 16-cv-01166) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

51620456.v3-10/30/17

# CERTIFICATE OF SERVICE

I hereby certify that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Barbara Rhoads-Weaver
>Venkat Balasubramani
>Garrett Heilman
>Focal PLLC
>900 1st Avenue S., Suite 201
>Seattle, Washington 98134
>Phone: 206-529-4827
>Fax: 206-260-3966
>Email: barb@focallaw.com
>venkat@focallaw.com
>misty@focallaw.com
>judy@focallaw.com
>garrett@focallaw.com
>
>Douglas Chadwick Biggins
>Biggins Law Group
>3701 Wilshire Blvd., Suite 410
>Los Angeles, CA 90010
>Phone: 213-387-3100
>Email: chadbiggins@gmail.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 30, 2017, in accordance with 28 USC 1746.

*Ashley M Rogers*
Ashley Rogers

VALVE'S PROP. FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S CAL. BUS. & PROF. CODE CLAIM - (No. 16-cv-01166) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

51620456.v3-10/30/17