THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTONELLA MADDALENA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VALVE CORPORATION,<br><br>　　　　Defendant. | No. 16-cv-01166-TSZ<br><br>**DECLARATION OF LAURENCE A. SHAPERO IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECOVERY ATTORNEY FEES** |

I, Laurence A. Shapero, declare and state as follows:

1. I am an attorney representing Valve Corporation ("Valve") in the above-captioned matter. I am over the age of 18, competent to testify, and have personal knowledge of the facts stated below.

2. On September 25, 2017, five days after this Court issued its oral ruling granting in part Valve's Partial Motion for Summary Judgment, I contacted Plaintiff's counsel in writing to explain that Valve would tender payment to Plaintiff in the amount of $51,243.14, the exact amount she alleged she was owed in unpaid overtime wages and interest. I also stated that Valve would stipulate that Plaintiff was entitled to recover reasonable attorneys' fees, in an amount to be determined by the Court, to the extent such fees were related to her unpaid wages claims. I explained Valve's belief that Plaintiff would not be entitled to any other relief in connection with

DECLARATION OF LAURENCE A. SHAPERO IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECOVER ATTORNEY FEES – (No. 16-cv-01166-TSZ) - 1
52167259.v1-12/4/17

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

the claims stemming from her classification as an independent contractor. A true and correct copy of the email I sent to Plaintiff's counsel on September 25, 2017 is attached as Exhibit 1.

3. I further explained that as a consequence of this recovery, Valve would ask the Court to find that the only remaining issue in this case was whether Valve terminated its relationship with Plaintiff for lawful or unlawful reasons. I made this statement based on Valve's good faith belief that under California law, $51,243.14 and reasonable attorneys' fees represented 100% of the relief to which Plaintiff would have been entitled if she had prevailed on her unpaid wages claims.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 4th day of December, 2017 at Seattle, Washington.

_____
Laurence A. Shapero, WSBA #34301

DECLARATION OF LAURENCE A. SHAPERO IN
SUPPORT OF DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO RECOVER ATTORNEY FEES
– (No. 16-cv-01166-TSZ) - 2
52167259.v1-12/4/17

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

# CERTIFICATE OF SERVICE

I hereby certify that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Barbara Rhoads-Weaver
Venkat Balasubramani
Garrett Heilman
Focal PLLC
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Phone: 206-529-4827
Fax: 206-260-3966
Email: barb@focallaw.com
venkat@focallaw.com
misty@focallaw.com
judy@focallaw.com
garrett@focallaw.com

Douglas Chadwick Biggins
Biggins Law Group
3701 Wilshire Blvd., Suite 410
Los Angeles, CA 90010
Phone: 213-387-3100
Email: chadbiggins@gmail.com

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 4, 2017, in accordance with 28 USC 1746.

_____
Ashley Rogers

DECLARATION OF LAURENCE A. SHAPERO IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECOVER ATTORNEY FEES – (No. 16-cv-01166-TSZ) - 3
52167259.v1-12/4/17

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

# EXHIBIT 1

# Shapero, Larry

| | |
|---|---|
| **From:** | Shapero, Larry <lshapero@foxrothschild.com> |
| **Sent:** | Monday, September 25, 2017 2:44 PM |
| **To:** | Venkat Balasubramani; Barbara Rhoads-Weaver |
| **Cc:** | Joye, Sarah |
| **Subject:** | Maddalena v. Valve -- Pre-Trial and Trial |

Venkat and Barb:

Valve rejects Ms. Maddalena's demand for $650,000, and declines her invitation to mediate this matter. For the reasons you and I have discussed, we believe you have not provided us with any reason to believe further negotiations will be fruitful. Therefore, we will now focus our efforts on preparation for trial.

Here are next steps from our perspective:

-- Later today a messenger will deliver to your office a check payable to Ms. Maddalena in the amount of $51,243.14. This is the entire amount of unpaid wages and interest described by you in your recent supplemental discovery responses. Because Judge Zilly dismissed your claims and requests for relief under California Labor Code 226.8, Ms. Maddalena would not be entitled to any other relief in connection with her independent contractor misclassification claim even if she was to prevail on that claim.

-- In our trial brief, and in the motion *in limine* we will file on Thursday, we will inform the Court that we have provided you with this payment, and we will also stipulate that Ms. Maddalena is entitled to recover reasonable attorneys' fees – *in an amount to be determined by the Court based on an itemized fee petition submitted by her attorneys* – to the extent that such fees are directly related to her unpaid overtime/employee misclassification claim. On this basis, we will ask the Court to find that the only remaining issue to be presented to the jury is whether Valve terminated its work with Ms. Maddalena for lawful or unlawful reasons. We will present evidence of the lawful reasons for her dismissal (e.g., her lack of collaboration; her argumentativeness and counterproductive communications; her failure to effectively manage STS community issues; the sharing of her log-on information with and wholesale delegation of her work to STS community members; and more), and Ms. Maddalena can present evidence to dispute these reasons, and can present evidence of discriminatory animus by the 5 individuals who were involved in the discussions leading to her dismissal). We will ask the Court to exclude all other evidence, because no such evidence is material to the resolution of Ms. Maddalena's sole remaining claim.

-- We will also explain to the Court that you were correct in your statements during oral argument when you asserted that California law makes it unlawful to terminate an independent contractor agreement based on an individual's transgender or disability status. This will confirm for the Court that there is no reason to waste the Court's time or a jury's time with argument or evidence as to whether Ms. Maddalena was an employee or independent contractor. We believe the Court will agree with our assertion, and will grant our motion in limine as requested. Instead of a 3-4 day trial, we will have a 2-3 day trial, with very limited testimony and other evidence. (In fact, based on your failure to present evidence to support Ms. Maddalena's sole remaining claim in this lawsuit, we expect the Court to grant our motion for a directed verdict at the close of Plaintiff's case in chief.)

-- On this basis, we also will propose to streamline the jury instructions and the verdict forms by identifying only a single cause of action: *Wrongful termination under California common law*. Your proposed jury instructions and your arguments to the Court make it very clear that the only discrete action on which Ms. Maddalena's common law and FEHA gender/disability claims are based is the termination of her work relationship with Valve in January 2016. Because she is not entitled to recover double damages, there is no reason to confuse the jury by listing two separate causes of action.

-- Later today we will send our proposed pre-trial statement, verdict forms and jury instructions. You will see they are dramatically streamlined from the version you previously sent to us.

-- As I indicated on Friday, Sarah and I are reserving time on Tuesday afternoon to confer with you at a time that is most convenient for you. According to your preference, we can confer by phone or in person at either your office or ours. We should also plan to confer again on Wednesday before finalizing our respective motions in limine that must be filed by Thursday.

Regards,

Larry


**Laurence A. Shapero**
Partner
**Fox Rothschild LLP**
Safeco Plaza - Suite 4500
1001 Fourth Avenue
Seattle, Washington 98154-1192
(206) 389-1661 - direct
(206) 389-1708- fax
lshapero@foxrothschild.com
www.foxrothschild.com

2