UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE

ANTONELLA MADDALENA,

                Plaintiff,
                                            C16-1166 TSZ
        v.
                                            ORDER
VALVE CORPORATION,

                Defendant.

THIS MATTER comes before the Court on Plaintiff's Motion to Recover Attorney Fees, docket no. 147 ("Plaintiff's Motion"), and Defendant Valve Corporation's Motion for Award of Attorney's Fees, docket no. 151 ("Defendant's Motion"). Having reviewed all papers filed in support of, and in opposition to, the motions, the Court enters the following order.

**Background**

Plaintiff brought suit alleging eight claims: (1) wrongful termination in violation of public policy; (2) discrimination; (3) failure to accommodate; (4) hostile work environment; (5) retaliation; (6) unpaid wages under California Labor Code § 203; (7) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

ORDER - 1

§ 17200, *et seq.*; and (8) misclassification under California Labor Code § 226.8. *See generally* Complaint, docket no. 1-1.

On July 27, 2017, Defendant moved for partial summary judgment on all of Plaintiff's claims, except for causes of action six and seven. *See* Defendant's Motion for Partial Summary Judgment, docket no. 60, at 2. On September 20, 2017, the Court granted Defendant summary judgment on Plaintiff's failure to accommodate, hostile work environment, retaliation, and misclassification claims. Docket no. 89. The Court denied Defendant's request for summary judgment on Plaintiff's wrongful termination and discrimination claims. *Id.*

On September 25, 2017, Defendant tendered a check to Plaintiff "in the amount of $51,243.14, the exact amount Plaintiff claimed was owed to her in unpaid overtime wages and associated interest . . . ." Declaration of Liam Lavery, docket no. 154 ("Lavery Decl."), at ¶ 4. "[Defendant] explained to Plaintiff that while it did not intend to admit that she was an employee entitled to overtime wages, it intended to moot her Labor Code and Unfair Competition Law claims by providing her with all of the relief to which she would be entitled if she prevailed on those claims. To complete her recovery, [Defendant] also agreed to pay Plaintiff's reasonable attorneys' fees solely in connection with her unpaid wages claim in an amount to be determined by the Court." *Id.* at ¶ 6. Plaintiff accepted and deposited the check, but maintained that her unpaid wages and UCL claims were not moot. *Id.* at ¶¶ 8–9.

ORDER - 2

Trial commenced on November 1, 2017, and Defendant ultimately prevailed on Plaintiff's remaining claims for wrongful termination, discrimination, unpaid wages, and UCL claims. *See* Jury Verdict, docket no. 145.

Against this backdrop, Plaintiff asserts that she is entitled to reasonable attorney's fees incurred in prosecuting her unpaid wages claim, but does not identify any legal basis for the recovery of those fees. Defendant, in turn, seeks fees under FEHA and the parties' "Independent Contractor Agreement" at issue in this lawsuit. Declaration of Laurence A. Shapero in Support of Valve's Motion for Attorney's Fees, docket no. 152 ("Shapero Decl."), Exhibit E (the "Agreement"). Defendant specifically asserts that "Plaintiff's wrongful termination, discrimination, failure to accommodate, and retaliation [claims] all arise under or are underpinned by FEHA [collectively, the 'FEHA Claims']. Plaintiff's remaining claims—unpaid wages § 203, violation of UCL, and misclassification under § 226.8—all arise out of the parties' Agreement [collectively, the 'Non-FEHA Claims']." Defendant's Motion at 3.

**Discussion**

    **1.    Legal Standards**

Federal courts sitting in diversity apply state law in determining a party's right to recover fees. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).

        **a.  Fees Under FEHA**

"A district court has discretion to award attorney fees to a prevailing defendant in a FEHA action 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation [i.e., groundless].'" *Zaman v. Kelly Servs.*, No. 15-cv-04601-HRL,

2017 WL 2335601, at * 3 (N.D. Cal. May 30, 2017) (alteration in original) (quoting *Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 42–22 (1978)). In determining whether a FEHA action is frivolous for purposes of a fee award, the Court considers whether (1) the plaintiff established her prima facie case; (2) defendant offered to settle; and (3) the court dismissed the case before it was tried on the merits. *Portnoy v. Veolia Transp. Servs., Inc.*, No. 2:10–cv–02730–GEB–CKD, 2013 WL 4828122, at *1 (E.D. Cal. Sept. 9, 2013) (citing *Lial v. Cnty. of Stanislaus*, No. CV F 09–1039 LJO JLT, 2011 WL 92012, at *3 (C.D. Cal. Jan. 11, 2011)). If the Court concludes that the FEHA claims were frivolous, it must then determine when plaintiff should have known that they had become so. *Zaman*, 2017 WL 2335601, at *3.

### b. Fees Under the Agreement

The Agreement allows the prevailing party in "any claim or cause of action . . . arising out of or relating to this Agreement . . . to recover . . . all "reasonable attorney's fees incurred . . . ." Agreement at ¶ 14. The Agreement further requires Plaintiff to "bear any and all expenses, including legal and other professional fees, . . . that [Defendant] and/or [Plaintiff] may incur in connection with" any attack or recharacterization of Plaintiff's independent contractor status. *Id.* at ¶ 3(b).

The Agreement is governed by Washington Law. *Id.* at ¶ 14. Washington's RCW 4.84.330 confirms that "[i]n any action on a contract . . . where such contract . . . specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party . . . shall be entitled to reasonable attorneys' fees . . . ."

### c. Reasonableness

The Court must ensure that any award is reasonable. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). In determining the reasonableness of attorney's fees, courts employ the lodestar approach. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). Under the lodestar approach, the Court multiplies the number of hours reasonably spent by a reasonable hourly rate. *See id.* The Court may then adjust this resulting figure up or down to account for the difficulty of the questions involved, the skill displayed in presenting those questions, the extent to which the litigation precluded other employment by the attorneys, and the contingent nature of the fee award. *Id.*

### 2. Plaintiff's Request for Fees

Plaintiff argues she is the "prevailing party" on her unpaid wages claim. Although Plaintiff does not identify any legal basis supporting her request for fees, California Labor Code § 218.5 states that "[i]n any action brought for the nonpayment of wages . . . the court shall award reasonable attorney's fees and costs to the prevailing party . . . ."

The parties dispute whether Plaintiff was the "prevailing party" on this claim. Defendant tendered the amount of money requested by Plaintiff in her unpaid wages claim under the strategic assumption that it would moot her wages and UCL claims, thereby removing additional issues to be decided by the jury. In doing so, Defendant agreed to pay Plaintiff's reasonable attorney's fees in prosecuting her unpaid wages claim in an amount to be determined by this Court. *See* Lavery Decl. at ¶¶ 6–9. Rather than voluntarily dismiss her unpaid wages and UCL claims upon receipt of this payment, Plaintiff pursued these claims at trial and the jury determined that Plaintiff was not

entitled to recovery. Jury Verdict, docket no. 145. The Court subsequently entered judgment in favor of Defendant and dismissed Plaintiff's remaining claims with prejudice. *See* Judgment in a Civil Case, docket no. 146. Thus, Plaintiff was not the prevailing party on her unpaid wages or UCL claims and is not entitled to fees under California Labor Code § 218.5. Having identified no other basis under which this Court could find that Plaintiff should be awarded fees, Plaintiff's Motion is DENIED.

### 3. Defendant's Request for Fees

#### a. Apportionment

Defendant states it spent 80% of its time defending Plaintiff's FEHA Claims, and 20% of its time defending Plaintiff's remaining Non-FEHA Claims. *See id.* at 4 (citing Shapero Decl. at ¶ 13, Exs. A–C). Applying these percentages, Defendant asserts that it is owed $192,900.42 under FEHA and $133,882.57 under the Agreement. Defendant Valve Corporation's Reply in Support of Motion for Attorney's Fees, docket no. 163, at 1. Thus, Defendant asserts that it is owed a total fee award of $326,782.99.[1] Plaintiff does not dispute Defendant's apportionment and the Court agrees that these allocations are reasonable for determining what attorney's fees, if any, Defendant is owed.

#### b. FEHA Claims

Plaintiff's hostile work environment, retaliation, and failure to accommodate claims were not frivolous.[2] Plaintiff premised her hostile work environment claim on the theory that Defendant's conduct amounted to on-going harassment for purposes of tolling

---

[1] The total of $192,900.42 and $133,882.57 is $326,782.99.

[2] Defendant's argument to the contrary is troubling. Defendant has not meaningfully reconciled its current position that this case was largely frivolous with the nearly 2,000 hours it spent on this matter.

ORDER - 6

the applicable statute of limitations period and sustaining liability. *See* Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, docket no. 71 ("Plaintiff's Opposition"), at 16–17. Likewise, Plaintiff asserted her retaliation claim under the theory that Defendant terminated her after reporting allegedly unlawful employment activities (including a purported violation of California's minimum wage law). *See id.* at 6–11. Finally, Plaintiff did not premise her failure to accommodate claim on any of the accommodations she requested while at the company. Instead, she posited that Defendant's refusal to grant her request to return to work in Defendant's Washington offices was a failure to engage in the interactive process. The Court's conclusion that the facts underpinning these claims were insufficient to create genuine issues of material fact does not render these claims frivolous for purposes of awarding fees under FEHA. *See Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995). It is sufficient that Plaintiff had some evidence to support her position, *see id.*, even though that evidence was ultimately insufficient to establish a prima facie claim. Likewise, Defendant's attempts to settle these claims do not render them frivolous. Plaintiff had a colorable basis to pursue these claims through summary judgment and Defendant's request for attorney's fees in defending them is DENIED.[3]

---

[3] Defendant apparently concedes that the Agreement does not entitle Defendant to collect the fees it incurred in defending these claims. *See* Motion at 3.

### c. Non-FEHA Claims

The Agreement allows Defendant, as the prevailing party, to recover its attorney's fees in defending Plaintiff's remaining claims.[4] *See also* RCW 4.84.330. As Defendant correctly observes, one of the central issues in these remaining claims was whether Plaintiff was an independent contractor. *See, e.g.*, Verdict, docket no. 145.

### i. Lodestar Amount and Hourly Rates

Defendant asks for $133,882.57 in fees under the Agreement. On pages 10 and 11 of Defendant's Motion, Defendant provides the hourly rate charged by each professional who billed time to this matter. *See also* Shapero Decl. at ¶ 25. The Court finds that these rates are reasonable in light of each respective attorney's experience and expertise, and the prevailing market rates. *See id.* at ¶¶ 26–41.

### ii. Hours Spent

Defendant presents evidence that the professionals who worked on this case billed a total of 1998 hours over a 19 month period. *Id.* at ¶ 13, Ex. C. Plaintiff's only real dispute with this amount is that certain invoices submitted by Defendant for work billed by K&L Gates have been redacted. *See* Plaintiff's Opposition at 1 n.1, 8. This argument does not bear on Defendant's fee request, as the redacted portions of the K&L Gates

---

[4] Plaintiff's reliance on *Drybread v. Chipain Chiropractic Corp.*, 151 Cal. App. 4th 1063, 1075 (2007) is misplaced. In that case, the plaintiff sublessors dismissed without prejudice a statutory unlawful detainer action and defendant sublessee moved for fees under the sublease. In resolving the defendant's request for fees, the court considered whether California Civil Code § 1717 barred recovery because the unlawful detainer action was "an action on contract." *Id.* at 1071–72. Here, the issue is not whether some statute bars Defendant's request for fees (neither party has identified any such statute), but instead whether the Agreement applies to Plaintiff's claims that proceeded to trial.

invoices appear to be for fees that Defendant is not seeking to recover.[5] Defendant seeks repayment of the fees incurred by the following K&L Gates attorneys: 1) Martha Dawson; 2) Lori Steidl; 3) Sean Selin; and 4) Matt Collins.  *See* Shapero Decl. at ¶¶ 25, 36–39.[6]  Each of these attorney's time appears on the face of the K&L Gates invoices submitted, along with a description of the work performed and the total amount billed. *See generally* Shapero Decl., Ex. B.  If anything, the $95,743.36 in fees incurred by K&L Gates and sought by Defendant (*see id.* at ¶ 9) is less than the total amount reflected in the unredacted portions of the submitted invoices, which can be broken down as follows:

| Invoice No. | M. Dawson | L. Steidl | S. Selin | M. Collins |
|---|---|---|---|---|
| 3328699 | $390.96 | | | |
| 3339979 | $651.60 | $2,001.88 | | |
| 3351565 | $1,004.55 | $12,797.77 | $814.51 | |
| 3360331 | $3,750.32 | $19,268.18 | | |
| 3375119 | $669.70 | $8,365.00 | | |
| 3384872 | $133.94 | $571.96 | | $250.24 |
| 3399739 | $1,808.19 | $6,327.41 | | |
| 3409856 | $2,544.86 | $9,937.95 | | |
| 3419783 | $200.91 | $9,258.72 | | |
| 3431336 | $133.94 | $1,787.42 | | $2,001.88 |
| 3439486 | | $8,937.00 | | |
| 3448291 | | $2,609.60 | | |
| **Totals:** | $11,288.97 | $81,862.89 | $814.51 | $2,252.12 |
| | | | **Grand Total:** | $96,218.49 |

---

[5] Defendant confirms that it has "excluded 86.2 hours of time entries worth $25,263.50 recorded by non-attorneys" at K&L Gates.  *Id.* at ¶ 21.

[6] Defendant also seeks repayment of the fees incurred by professionals at Paul Plevin and Fox Rothschild, who incurred $9,881.00 and $563,789.50, respectively.  Shapero Decl. at ¶¶ 7, 12; *see also id.* at ¶ 13 ("In total, professionals at Paul Plevin, K&L Gates, and Fox Rothschild spent 1,998 hours on this matter and billed $669,413.86.")  Plaintiff does not appear to challenge the amounts incurred by Paul Plevin or Fox Rothschild professionals.  *See* Plaintiff's Opposition at 8.  Applying the apportionment discussed in Section 3a above, 20% of $669,413.86 is approximately $133,882.57.

ORDER - 9

*See generally id.*, Ex. B. Whether the redacted portions of these invoices reflect billed time by other timekeepers that was duplicative of other work makes no difference, as Defendant is not seeking to recover those amounts. The Court is satisfied that the discernable portions of the K&L Gates invoices reflect time that was reasonably spent on this litigation and, coupled with the other reductions and apportionments discussed herein, finds that these fees are reasonable.

### iii. Lodestar Adjustment

Neither party requests that the $133,882.57 lodestar amount be adjusted for the "results obtained." While Defendant skillfully prevailed on each of Plaintiff's claims, it was faced with relatively routine issues of employment law. Because of these competing considerations, the Court declines to apply any adjustment.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's Motion is DENIED.

(2) Defendant's Motion is GRANTED in part and DENIED in part. The Court awards a total of $133,882.57 in attorney's fees to Defendant and against Plaintiff.

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 2nd day of February, 2018.

Thomas S. Zilly
United States District Judge